# Richmond

## THEODORE W. KEARNS v. GLADYS C. HALL.

March 5, 1956.

Record No. 4472.

Present, Eggleston, Spratley, Miller, Smith and Whittle, JJ.

The opinion states the case.

*James H. Simmonds* and *Roy A. Swayze*, for the plaintiff in error.

*John W. Jackson* and *Irving G. McCann*, for the defendant in error.

SPRATLEY, J., delivered the opinion of the court.

This action was instituted by Mrs. Gladys C. Hall against Theodore W. Kearns, an infant, and Robert M. Kearns to recover damages for injuries received in a collision between an automobile operated by Mrs. Hall and another operated by Theodore W. Kearns, and owned by Robert M. Kearns, his father. Grounds of defense were filed by both defendants, and for the infant by his duly appointed guardian *ad litem.*

Trial was had on April 22 and 23, 1954. At the conclusion of plaintiff's testimony, a motion of defendants to strike the evidence was granted as to Robert M. Kearns, without objection, and denied as to the infant. On motion of counsel for Theodore W. Kearns, the jury was sent to the scene of the collision for a view of the surroundings. Code, §8-216. The request of plaintiff that she be allowed to place her automobile in the position in which it was as she entered the main highway from a lane on the night of the accident was denied, the court expressing the opinion that it did not think such a test should be made. Neither the court nor counsel were present at the view. When the jury returned to the courtroom, it was instructed by the court, and after a long deliberation, it returned a verdict in favor of both defendants.

Mrs. Hall moved to set aside the verdict as to Theodore W. Kearns, and for the award of a new trial on the grounds that the verdict was contrary to the law and the evidence, and because members of the jury had been guilty of misconduct at the scene of the accident in making improper tests and experiments. At-

tached to the motion was an affidavit of Irving G. McCann, one of the attorneys for the plaintiff, in which he set forth, "on information and belief," the alleged misconduct of the jury, according to statements which he said he obtained from four of the seven jurors in the case. He asked the court to call the jurors as witnesses.

The motion for a new trial was taken under advisement, and the case ordered to be continued. Subsequently the motion was set to be heard on May 21, 1954. On September 3, 1954, no hearing having been held, the court wrote counsel for the parties the following letter:

"This is to advise that it is my opinion that the verdict in the above styled action should be set aside and a new trial ordered because of the action of the jury taken at a view of the scene of the accident.

"I am constrained to state that I doubt that the action on the part of the jury actually influenced the verdict and, without the view, I would otherwise think that the verdict should stand. However, in attempting to simulate the position of cars and to make time checks at the scene of the accident the jury did things which the court would not have permitted if present and I have no way of stating with authority that these actions may not have had influence on the verdict.

"It is requested that an order be submitted setting aside the verdict and awarding a new trial for the reasons indicated.

"Very truly yours,

ARTHUR W. SINCLAIR."

On September 10th, the following order was entered:

"ORDERED and ADJUDGED, that the motion to vacate and set aside the verdict of the jury as to the defendant, Theodore W. Kearns, and to grant the plaintiff a new trial be, and the same is hereby granted, to which action of the Court the defendant, Theodore W. Kearns by Counsel excepted, on the grounds stated in the attached memorandum which is hereby ORDERED filed and made a part of the record."

On December 2, 1954, a new trial was had, and the jury therein returned a verdict for the plaintiff against Theodore W. Kearns in the sum of $12,500. The defendant moved that this verdict be set aside and a new trial granted for error in the admission of certain testimony, and in the granting of certain instructions.

The court overruled defendant's motion and entered judgment in accordance with the verdict of the second jury. Defendant duly excepted.

On March 4th, 1955, the trial judge filed as a part of the record the following statement of the facts and incidents of the first trial:

"1. On April 23, 1954, at the conclusion of the evidence and before the Jury was taken to the scene of the accident for a view, counsel for the Plaintiff, in Chambers, requested the Court to permit the Plaintiff to place an automobile at the intersection of the private road and Route 236 in the same position as her car was stopped in this intersection immediately prior to her entering Route 236 just before the collision. The Court refused to allow the Plaintiff to do so. The record does not reflect the original request of counsel but does show the exception taken by Plaintiff's counsel to the Court's action in denying the motion, such exception being shown on Pages 203 and 204 of the stenographic transcript of the proceedings on April 22 and April 23, 1954. Pursuant to agreement between Court and counsel for all parties, the Jury was taken to the scene of the accident by one of the Deputy Clerks of the Court and a Deputy Sheriff during which time the Court and counsel for the parties remained in Chambers for the purpose of considering instructions.

"2. On May 8, 1954, Mr. Irving G. McCann, one of counsel for the Plaintiff, informed the Court that one of the Jurors, in a conversation with Mr. McCann concerning the incidents of the view by the Jury of the scene of the accident, had inquired whether he would be permitted to discuss the case with Mr. McCann. Mr. McCann so informed the Court, in order that he could in turn inform the Jurors whom he planned to see that day for the purpose of obtaining statements from them. Thereupon, the Court informed Mr. McCann that he should tell any of the Jurors whom he approached that they did not have to answer any questions asked by him, and the Court further informed Mr. McCann that a Juror had called the Court and advised that Mr. McCann had interrogated him concerning the conduct of the Jury upon the visit to the scene.

"3. In support of his motion to vacate and set aside the verdict of the Jury and for a new trial, Mr. McCann filed an affidavit on information and belief, alleging in substance that the Jury made unauthorized tests, measurements and demonstrations when it viewed the scene of the accident and, in said affidavit, requested that the

Court call the aforesaid Jurors as witnesses to check the accuracy of the affidavit.

"4. Thereafter the Court, without notice to, knowledge or consent of counsel for the parties, or the duly appointed guardian *ad litem*, interrogated the said Deputy Clerk and Deputy Sheriff who were in charge of the Jury when the view was made, such interrogation not being under oath, and found that the Jury had done the unauthorized things as alleged in the affidavit. Having so found, the Court issued its memorandum opinion of September 3, 1954, and its order setting aside the verdict and awarding the Plaintiff a new trial."

Theodore W. Kearns thereafter applied for and obtained this writ of error, contending, first, that the trial court erred in setting aside the verdict of April 23, 1954, and awarding a new trial; and, second, that in the second trial, it erred in denying his motion to withdraw a juror and declare a mistrial because of the admission of improper evidence. He asks that the order of the court granting a new trial be reversed, that the verdict returned on April 23, 1954, be reinstated and final judgment rendered in his favor; but if this be not done, that the case be remanded for a new trial because of prejudicial error in the admission of evidence in the second trial.

In view of the conclusion we have reached, it is not necessary for us to consider the facts in evidence relating to the question of liability of the defendant for the automobile collision involved. Nor do we reach the questions relating to the validity of the second trial.

Referring to the first trial, defendant insists that there was no competent legal evidence before the court in support of the motion to set aside the verdict on the ground of misconduct of the jury, and that the misconduct, if true, did not justify the court in granting the motion. Plaintiff, on the other hand, contends that defendant waived any right to complain of any "procedural inadequacies of the trial court's finding of jury misconduct," in that he offered no testimony refuting the McCann affidavit nor any denial of it.

It is settled in Virginia that a motion for a new trial on the ground of the misconduct of a jury is addressed to the sound discretion of the court. Whether a new trial should be granted depends upon the circumstances of the particular case. "Much should be left to the trial judge, and unless he abuses his discretion, his

judgment should conclude the matter on appeal." *Litz* v. *Harman*, 151 Va. 363, 375, 144 S. E. 477; 39 Am. Jur., New Trial, §78, page 91. In *Hickerson* v. *Burner*, 186 Va. 66, 72, 41 S. E. (2d) 451, we said: "We adhere to that view, with the added caution that only slight evidence of influence or prejudice as a result of such misconduct of a juror should be required to warrant the granting of a new trial."

The object of a view of the grounds at the scene of an accident which is the basis of an action is to enable the jury to apply the testimony disclosed upon the trial, and is not intended to supply evidence but only to explain and clarify it. A jury can not be allowed to become silent witnesses to facts not testified to in open court. *Lorillard Co.* v. *Clay*, 127 Va. 734, 743, 104 S. E. 384; *Noell* v. *Commonwealth*, 135 Va. 600, 115 S. E. 679; *Crockett* v. *Commonwealth*, 187 Va. 687, 47 S. E. (2d) 377; *Hinton* v. *Gallagher*, 190 Va. 421, 57 S. E. (2d) 131.

The alleged statements of the jurors to Attorney McCann, as set out in the latter's affidavit are not evidence. The jurors to whom they were attributed did not swear to them. The statements of what they said were only hearsay. Nor does the affidavit of McCann cure the defect. He attempted to set out what the four jurors said; but his statement is also hearsay. Legal evidence is that statement made under oath before a properly constituted tribunal or officer. The affidavit of McCann related to matters not in evidence, or of record in the case. It had no evidential value, save to serve notice of the possible existence of the matters alleged. Where acts alleged are of such a nature as to indicate misconduct of the jury sufficient to indicate that their verdict was thereby affected, investigation and hearing of the charges are justified. In such a hearing hearsay evidence in the form of an affidavit is no more admissible than in a trial of the case itself.

Moreover, none of the statements in the affidavit for a new trial was upon notice to the guardian *ad litem* of the infant defendant, nor was such guardian present when the statements of the court officials were made to the trial judge.

Section 8-309, Code of Virginia, 1950, provides that: "No deposition shall be read in any suit against any infant defendant * * * unless it be taken in the presence of the guardian *ad litem* or upon interrogation agreed upon by him."

We know of no case, and have been cited to none, of record in Virginia, involving similar facts and the precise point here involved.

However, there are many cases from other jurisdictions which hold that a new trial should be granted only when supported by competent legal evidence, that is, admissible evidence made under oath. An affidavit merely as to what some one has said is not sufficient. *Lindsey* v. *Elkins, et al.*, 154 Wash. 588, 283 P. 447; *McWilliams* v. *Los Angeles Transit Lines*, 100 Cal. App. (2d) 27, 222 P. (2d) 953; *Priest* v. *Cafferata*, 57 Nev. 153, 60 P. (2d) 220; *Kirby* v. *Mafox Realty Corp.*, 71 N. Y. Supp. (2d) 124, 272 App. Div. 889; *Harrington* v. *Nicholson*, 182 S. C. 38, 188 S. E. 372; *Watkins* v. *Baltimore & Ohio R. Co.*, infra.

In 66 C. J. S., New Trial, § 163, page 411, this is said:

"Unsworn statements. Unsworn statements should not be received or considered on an application for a new trial."

"As a general rule, hearsay affidavits or evidence are not admissible in support of a motion for a new trial. In conformity with the general rule of evidence excluding hearsay statements, hearsay evidence is not admissible in support of a motion for a new trial, and a new trial will not be granted on the basis of such evidence. Affidavits in support of a motion for a new trial should be based on the knowledge of the affiant, and not on hearsay or information and belief." § 172, page 427.

See also 39 Am. Jur., § 198, page 196.

It appears from the record that the motion for a new trial was duly set for hearing; that the court, without notice to, knowledge, or consent of counsel for the parties, or the guardian *ad litem* for the infant, ordered a new trial, based solely on the allegations in the affidavit of McCann, and upon statements, not under oath, of the deputy clerk and deputy sheriff; and that the request of plaintiff that the jurors be called as witnesses to testify as to the accuracy of the allegations in the affidavit was denied.

The allegations in McCann's affidavit were, in our opinion, sufficient to require the court to hold a hearing upon the motion to set aside the verdict. It was therein alleged that the jurors conducted experiments, tests, studies and observations, took evidence separate from one another, and reported their findings to those who had not participated in some of the experiments and tests. No one knows what effect this had upon their verdict. No one knows whether their impressions accorded with the evidence they had heard in the courtroom or conflicted therewith. Their tests, experiments and observations, if made as alleged, might have resulted in obtaining evidence which had not been presented in open court,

and which might have been prejudicial to the plaintiff, who had no opportunity of meeting, explaining, or rebutting it.

We find no merit in the contention that defendant waived his right to complain of the action of the trial court in awarding a new trial. It appears that, at the date set for the hearing, defendant contended that the McCann affidavit was not evidence, and when the court announced its decision he duly excepted on the specific grounds, among others, that "There is no evidence to support the allegations relied on by the court in granting a new trial; but only an affidavit of counsel which admittedly is hearsay." Defendant did not have an opportunity to cross-examine the deputy clerk and deputy sheriff when interrogated by the judge, because he did not know that such questioning had taken place.

When allegations of the misconduct of a jury are of such a nature as to indicate that the verdict was affected thereby, it becomes the duty of the court to investigate the charges and to ascertain whether or not, as a matter of fact, the jury was guilty of such misconduct.

Tested by the foregoing principles, we are of opinion that the learned trial judge erred in refusing to call the jurors and the court's officers, in charge of the jury, as witnesses to testify under oath, as to the accuracy of the allegations of the jury's misconduct contained in McCann's affidavit, and in thereafter setting aside the verdict and granting a new trial upon hearsay evidence.

The next question presented is whether we should reinstate the verdict of the first jury and enter final judgment in favor of the defendant.

Virginia Code, § 8-493 declares that upon review we "shall affirm the judgment, decree, or order if there be no error therein, and reverse the same, in whole or in part, if erroneous, and enter such judgment, decree, or order as to the court shall seem right and proper and shall render final judgment upon the merits whenever, in the opinion of the court, the facts before it are such as to enable the court to attain the ends of justice. A civil case shall not be remanded for a trial de novo except when the ends of justice require it, but the Supreme Court of Appeals shall, in the order remanding the case, if it be remanded, designate upon what questions or points a new trial is to be had."

Code, § 8-487 (8) provides that the judgment of the lower court shall not be reversed "for any error committed on the trial when it

plainly appears from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached."

While it may be true that these two statutes do not depend upon each other, they are closely related. We must first find, under § 8-487, that the error complained of is reversible error before we may reverse the judgment under § 8-493 as erroneous; for otherwise there is no error in the judgment, and the same must be affirmed.

Neither § 8-493 nor § 90 of the Constitution of Virginia requires us to enter final judgment. The question whether final judgment should be entered or the case remanded for a trial *de novo*, or upon designated questions or points, lies largely in our discretion, and depends upon the facts and circumstances of the case. Before entering final judgment, it should be reasonably apparent that the case has been fully developed in the trial court, or at least, that the parties had a fair opportunity of so developing the case, and we must be of opinion that, upon the facts before us, the parties have had a fair trial on the merits of the case, and that substantial justice has been reached. When the record is such that we cannot, in justice, determine the judgment that should be finally rendered, the case should be remanded for further development. Burks Pleading and Practice, 4th Edition, § 428, pages 836, *et seq.*; 1 M. J., Appeal and Error, § 311, page 743.

In support of his contention that the original verdict should be reinstated and final judgment entered in his favor, in the event that the order of the trial court awarding a new trial be held erroneous, defendant cites a number of Virginia and West Virginia cases. The facts and proceedings in those cases were different from those now before us. He relies strongly upon *Watkins* v. *Baltimore & Ohio R. Co.*, 130 W. Va. 268, 43 S. E. (2d) 219. In that case, the trial court granted a motion to set aside a jury verdict for the defendant solely upon the affidavit of the plaintiff that "he had been informed and believed, that Clarence Elsey, a member of the jury * * * was, * * * in the employ of the Baltimore and Ohio Railway Company. No other proof was offered in support of the motion to set aside the verdict."

There the court pointed out the difference in the rules relating to the disqualification of a juror as a ground for a motion to set

aside a verdict, and that for a juror's misconduct during a trial as a ground for a similar motion.

Here Mrs. Hall offered proof in support of her motion for a new trial. She was entitled to have her evidence presented to the court under oath. She is not chargeable with the failure of the court to hold such hearing and, therefore, she did not have a fair opportunity to develop her evidence as to the misconduct charged against the jurors. The case should, therefore, in the interests of justice, be remanded for a proper hearing upon the question whether or not she was entitled to a new trial. Code, § 8-493.

Accordingly, we are of opinion to reverse the order of the trial court setting aside the verdict of the jury and granting a new trial; to set aside the verdict of the jury on the second trial and annul and vacate the judgment thereon; to remand the case to the lower court to determine, in accordance with the views herein expressed, whether the jury in the first trial was guilty of such misconduct as warranted the setting aside of their verdict; and for such proceedings thereafter as may be necessary and proper.

It is so ordered.

*Reversed and remanded.*