# Cynthia Ann Royal

## v.

# Commonwealth of Virginia

Record No. 860796

November 25, 1987

Present: All the Justices

*Oldric J. LaBell, Jr.* for appellant.
*Leah A. Darron, Assistant Attorney General (Mary Sue Terry, Attorney General,* on brief), for appellee.

COMPTON, J., delivered the opinion of the Court.

In this criminal case, the dispositive question is whether the Court of Appeals erred in deciding that the trial court correctly refused a cautionary instruction offered by the defendant dealing with a prior inconsistent statement made by a witness, purportedly used to refresh the witness' recollection at trial.

In a jury trial in the Circuit Court of the City of Newport News, defendant Cynthia Ann Royal was convicted of first-degree murder for the stabbing of Otto Drew on May 1, 1984. The trial court imposed the punishment fixed by the jury of 40 years in the penitentiary, entering judgment on November 5, 1984. On March 18, 1986, the Court of Appeals affirmed the judgment of the trial court, after considering a number of issues raised by the defendant. *Royal* v. *Commonwealth,* 2 Va. App. 59, 341 S.E.2d 660 (1986). Because of the view we take of the case, we will consider only one of those issues.

On the day of the crime, the victim, a bilateral amputee fitted with artificial legs, went to the home of a friend. When the victim arrived, defendant and her child, the friend and her two children, and another adult male were present. The victim sat in a chair near the living-dining area and the four adults proceeded to drink wine for approximately an hour. During this period, the victim and defendant were "playing" and "passing licks back and forth."

After some time, the adults, except the victim, left the immediate area where the victim was sitting. The victim remained seated in the living room area with defendant's daughter and another child, Arnita Woods. The victim then drew a pocketknife, displayed it to the children, and said, "I told you nobody'll be hitting on me." Defendant's daughter ran to her mother and indicated

the victim was threatening the daughter with a knife. Defendant then went to the kitchen, obtained a knife, and plunged the knife into the victim's chest while he remained seated, according to the Commonwealth's evidence.

Defendant maintained she killed in self-defense. She testified that the victim, while standing, approached her with a knife in his hand as she returned to the living room area.

At trial, Arnita Woods, age 10, while testifying as a witness for the Commonwealth, stated that she thought the victim arose from his chair, was standing when stabbed, and then fell back into the chair. This statement conflicted with a tape-recorded statement the child gave the police just after the crime in which she positively stated the victim was seated when stabbed.

Claiming surprise, the prosecutor sought to use a transcript of the taped statement to "refresh [the witness'] memory." In the presence of the jury, the witness admitted she had previously stated to the police that the victim "was sitting down" when he was stabbed. Also, the trial judge, in the presence of the jury, stated that "it is up to the jury to determine whether" the witness' trial testimony or the extrajudicial statement "is the facts of the case."

Because of the disclosure of the prior statement and because of the trial judge's remark, the defendant tendered a cautionary instruction. The instruction would have told the jury that the purpose for which the prior statement could be considered was for impeachment purposes only and that the statement was not proof that what the witness said earlier was true. The trial court refused the instruction.

Affirming the trial court, the Court of Appeals held, "The statement was not admitted for the 'purpose' of 'bearing on the witness' credibility.' It was for the limited purpose of refreshing the witness' memory." 2 Va. App. at 64, 341 S.E.2d at 663. The Court of Appeals erred; the cautionary instruction should have been given.

■ A prior inconsistent statement is received in evidence exclusively to attack the credibility of the witness who has given different accounts of the facts at different times. The prior statement is not evidence of the truth of the earlier account and the trial court, upon request, must instruct the jury accordingly. *Pugh* v. *Commonwealth*, 233 Va. 369, 375, 355 S.E.2d 591, 595 (1987). *See* Code § 8.01-403.

In the present case, while the prosecutor used the prior statement ostensibly to "refresh" the witness' memory, the content of the statement was revealed to the jury. The effect of the revelation was to present to the jury the earlier conflicting assertion that the victim was seated when stabbed, a crucial fact in the case. The prejudicial effect of the revelation, as far as the defendant was concerned, was accentuated by the trial judge's comment in the presence of the jury that the jury must choose which statement recited the true facts. This was a clear invitation for the jury to decide the truth of the extrajudicial statement, a suggestion that is contrary to the foregoing settled principle.

Under these circumstances, the trial court had a duty to give a cautionary instruction as requested by the defendant. The court's failure to do so constitutes reversible error.

Accordingly, the judgment of conviction will be vacated, the order appealed from reversed, and the case remanded to the Court of Appeals with direction to remand the same to the trial court for a new trial, if the Commonwealth be so advised.

*Reversed and remanded.*