## Brenda E. Robertson

### V.

## Metropolitan Washington Airport Authority, et al.

Record No. 940122

January 13, 1995

Present: All the Justices

*Tracey S. Brinkman (William L. Schmidt; Marco A. Lopez; William L. Schmidt & Associates*, on briefs), for appellant.
*Melissa S. Hogue (John D. McGavin; Lewis, Trichilo, Bancroft, McGavin & Horvath*, on brief), for appellees.

JUSTICE WHITING delivered the opinion of the Court.

In this case, we decide whether a mistrial should have been granted because the jury violated the court's specific directions not to discuss the case prior to the court's instructions and final argument of counsel.

On January 1, 1990, Brenda E. Robertson was injured at the Washington National Airport when she fell upon stepping into an alleged pothole in an airport parking lot. She sued International Business Services, Inc. of D.C., the operator of the parking lot.*

At a trial on July 6, 1993, the trial court told the prospective jurors not to "make up your mind in this case . . . until you've heard all the witnesses, heard the instructions at the end of the case, and given the lawyers a chance to reason with you at the end in those closing arguments." Later, the court instructed the prospective jurors that "[i]f you go to lunch or take a break with one or two other Jurors, don't talk over the case in a way that, really, amounts to starting deliberation. You can't deliberate until you have everything, at the end."

After the jury was impaneled, the court told the jurors just before the lunch break, "[d]on't start deliberating, thinking it

---

* Robertson also sued the Metropolitan Washington Airport Authority, the lessee of the airport. However, the court dismissed the lessee as a defendant after sustaining its motion to strike the plaintiff's evidence as to the claim against it.

over, trying to decide the case." Both parties completed their evidence on the first day of trial.

Before excusing the jury for the night and advising them that they would hear the court's instructions and the lawyers' arguments the next day, the court directed the jurors not to discuss the case with persons close to them because "you're going to deliberate when you do that." When the parties returned the following day, the court advised counsel that it had received a note from the jury "that tells me clearly the jury disregarded the instruction to not deliberate." Apparently, the evidence was in dispute as to the presence and size of the hole and the length of time it had been in existence. The note read:

> Some of the members of the jury are grappling with the central issue of liability, did the plaintiff suffer an unfortunate accident through no fault of the defendant, or was there in fact a hole in the parking lot which should have been filled?

> The police officer's testimony suggests the absence of an incriminating hole, but rather it suggests it was a small, one-quarter-inch-deep depression behind the left rear tire of the plaintiff's vehicle and her truck was parked nose to the curb.

> We do not dispute the injury at all. The photographs of the hole appear to be a puddle, the depth of which we are unable to judge. Furthermore, the photos were taken eighteen months after the accident.

> The question is, is there some definitive piece of evidence to prove the presence of the hole on the day of the accident?

> The maintenance worker's testimony was confusing and incoherent. Is there a maintenance-held log which we may see to indicate the absence or presence of a hole? Can you help us?

After reading the note to counsel, the court told the jury that it had violated the court's instructions by deliberating and that the court would decide what to do after hearing argument of counsel. When the jury retired from the courtroom, counsel argued Robertson's motion for a mistrial.

Following argument on that motion, the court observed:

> Well, if I could give you a trial tomorrow, I would declare a mistrial. The words "We do not dispute the injury" means they've talked it over. Of course, nobody in their right mind who listened to the testimony could dispute the injury. There isn't an ounce of dispute about it.
>
> The comments and the analysis pick up certain words that people trying a case listen to. The content of the note is not surprising in any way. It sets out the various sides of the argument of liability, it takes parts of the testimony, it finds that the maintenance man's testimony was confusing, which is exactly what it was.
>
> Therefore, we're going to go to verdict. I think Ms. Robertson is better off with a verdict here today than six months more of waiting and paying the doctor to come back again. I think the jury, having heard my displeasure of what they've done, is going to work at doing it right.

Before the court read the instructions to the jury and counsel argued the case, the court told the jury:

> If I declared a mistrial, these parties couldn't get back in trial for six or seven months, and the communication isn't such that you've in any way told us that you're not going to follow the instructions on the law or let these people try to share thoughts with you.
>
> They have to be given a chance to reason with you what the facts mean before you can start deliberating. That's why, when you tell me certain fact-findings you're making, you're doing it ahead of the argument.
>
> You may, in the long run, be exactly where you were, but the promise you make to these people is you'll let them finish completely all their effort of persuasion, all their effort to make you see it their way, factually and legally.

After the court instructed the jury and counsel argued the case, the jury deliberated for over an hour before returning a verdict for

the defendant. Denying Robertson's motion to reconsider its ruling on her motion for a mistrial, the court entered final judgment for the defendant. Robertson appeals.

 The jury's premature discussion of the case was an obvious violation of the court's instructions not to do so. However, the mere fact of juror misconduct does not automatically entitle either litigant to a mistrial. *Haddad v. Commonwealth*, 229 Va. 325, 330, 329 S.E.2d 17, 20 (1985). Instead, the trial court, in the exercise of sound discretion, must determine whether such misconduct probably resulted in prejudice. And the burden of establishing that probability is upon the party moving for a mistrial. *Id.*

However, if the misconduct is discovered after the jury is discharged and the allegations are sufficient to require investigation, a trial court abuses its discretion in ruling upon a motion for a mistrial without investigating the alleged misconduct to ascertain whether it prejudiced the case. *Commercial Union Ins. Co. v. Moorefield*, 231 Va. 260, 266-67, 343 S.E.2d 329, 333 (1986) (failure to summon and examine juror to determine if prejudiced by improper remark regarding case made by prospective juror on day of trial); *Kearns v. Hall*, 197 Va. 736, 743, 91 S.E.2d 648, 653 (1956) (failure to summon and examine jurors regarding unauthorized experiment during jury view of scene of accident). Citing these three cases, Robertson contends that the trial court abused its discretion in (1) failing to perform "a sufficient investigation into the situation," and (2) failing to grant a mistrial "given misconduct of such a nature that prejudice might result." We disagree.

 Here, unlike *Moorefield*, *Haddad*, and *Kearns*, the premature discussion of the case in violation of instructions was fully disclosed to the trial court in the jury's note. These instructions had been issued by the court to avoid the possibility of prejudice by a premature jury *decision* following such discussions. The jury's note showed that it had not decided the case, but was merely seeking more information before deciding the case. Accordingly, no additional court investigation was required, and the burden remained upon Robertson to show the probability of prejudice.

 And, after considering the note, hearing counsels' argument for and against the mistrial, and concluding that the jury had not decided the case, the court decided to permit the jury to continue after its admonition. Robertson neither asked the court

to question the jury, nor did she attempt to do so herself. Given these circumstances, we conclude that the court did not err in failing to question the jurors, as Robertson now suggests.

For these reasons, we cannot say that the court abused its discretion in denying Robertson's motion for a mistrial. Therefore, the judgment of the trial court will be

*Affirmed.*