COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Moon, Judges Bray and Annunziata


DEBRA C. JONES

v.   Record No. 0717-95-4                    MEMORANDUM OPINION[*]
                                                 PER CURIAM
VIRGINIA EMPLOYMENT COMMISSION               AUGUST 29, 1995
AND
CREATIVE PLAY SCHOOL, INC.


             FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                      Jack B. Stevens, Judge

          (Claude D. Convisser, on brief), for appellant.

          (James S. Gilmore, III, Attorney General; Paul S.
          Stahl, Assistant Attorney General; Lisa J. Rowley,
          Assistant Attorney General; John B. Sternlicht;
          Assistant Attorney General, on brief), for appellee
          Virginia Employment Commission.

          No brief for appellee Creative Play School, Inc.



     Debra C. Jones appeals the decision of the circuit court

granting the motion of the Virginia Employment Commission (VEC)

to dismiss her appeal.  Jones contends that the circuit court

erred when it ruled that she had failed to file an appeal

satisfying the requirements of Code § 60.2-625.  Upon reviewing

the record and briefs of the parties, we conclude that this

appeal is without merit.  Accordingly, we summarily affirm the

decision of the trial court.  Rule 5A:27.

     "On appeal, the judgment of the trial court is presumed

correct.  The burden is on the party who alleges reversible error

_____
     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

to show by the record that reversal is the remedy to which he is entitled." Johnson v. Commonwealth, 12 Va. App. 391, 396, 404 S.E.2d 384, 387 (1991). The judgment of the trial court will not be disturbed on appeal unless it is plainly wrong or without evidence to support it. Box v. Talley, 1 Va. App. 289, 293, 338 S.E.2d 349, 351 (1986).

> Code § 60.2-625(A) provides, in pertinent part, as follows:
> Within ten days after the decision of the [VEC] upon a hearing pursuant to § 60.2-622 has become final, any party aggrieved who seeks judicial review shall commence an action in the circuit court of the county or city in which the individual who filed the claim was last employed. In such action against the [VEC], the [VEC] and any other party to the administrative procedures before the [VEC] shall be named a defendant in a petition for judicial review.

When, as here, "the legislature has prescribed limitations within which the right of appeal may be exercised, such limitations are exclusive, and the court cannot modify or enlarge them without express statutory authority." Blankenship v. Virginia Unemployment Compensation Comm'n, 177 Va. 250, 254, 13 S.E.2d 409, 411 (1941). "It is well settled that '[w]hen the word "shall" appears in a statute it is generally used in an imperative or mandatory sense.'" Mayo v. Commonwealth, 4 Va. App. 520, 523, 358 S.E.2d 759, 761 (1987) (citation omitted). Thus, Jones was required to name her former employer, who had been a "party to the administrative procedures before the [VEC]," as a defendant in her appeal to the circuit court.

In an affidavit submitted to the circuit court in support of her Motion for Reconsideration, Jones alleged that she had "caused to be submitted . . . a petition" naming her former employer as a defendant.  The affidavit, however, purported to describe what was said to and by Jones' agent and therefore was hearsay.  "[H]earsay affidavits are not admissible in support of a motion for a new trial."  Commercial Union Ins. Co. v. Moorefield, 231 Va. 260, 265, 343 S.E.2d 329, 333 (1986).

> Legal evidence is that statement made under oath before a properly constituted tribunal or officer.  The affidavit . . . related to matters not in evidence, or of record in the case.  It had no evidential value, save to serve notice of the possible existence of the matters alleged. . . . In such a hearing hearsay evidence in the form of an affidavit is no more admissible than in a trial of the case itself.

Kearns v. Hall, 197 Va. 736, 741, 91 S.E.2d 648, 652 (1956).

Although Jones submitted the affidavit in conjunction with a motion for reconsideration rather than a motion for a new trial, the principle espoused in Moorefield and Kearns is nonetheless applicable.  Thus, Jones' affidavit was insufficient evidence before the circuit court to support Jones' contention that she filed a petition satisfying the requirements of Code § 60.2-622.

Therefore, we cannot say that the trial court's decision that Jones failed to file an appeal satisfying the requirements of Code § 60.2-622 was plainly wrong or without evidence to support it.  Accordingly, the decision of the circuit court is summarily affirmed.

3

<u>Affirmed.</u>