COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Powell and Senior Judge Coleman
Argued at Richmond, Virginia


ERIC DOUGLAS ROSE
                                            MEMORANDUM OPINION[*] BY
v.        Record No. 0173-08-2                JUDGE CLEO E. POWELL
                                               SEPTEMBER 1, 2009
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF HENRICO COUNTY
                     Daniel T. Balfour, Judge

         Steven D. Benjamin (Betty Layne DesPortes; Benjamin &
         DesPortes, P.C., on briefs), for appellant.

         John W. Blanton, Assistant Attorney General (Robert F.
         McDonnell, Attorney General, on brief), for appellee.


       Eric Douglas Rose ("Rose") appeals his convictions for object sexual penetration, in

violation of Code § 18.2-67.2, and aggravated sexual battery, in violation of Code § 18.2-67.3.

On appeal, Rose contends that there was insufficient evidence to support his convictions because

the sole evidence against him consisted of the uncorroborated testimony of the complaining

witness who was impeached by her own inconsistent and contradictory testimony and

statements.  He further contends that the trial court erred as a matter of law in using the victim's

prior inconsistent statements to bolster her credibility.  Finding no error, we affirm.

---

         [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND[1]

On October 26, 2006, the victim, an eleven-year-old girl, was interviewed by the Department of Social Services and Investigator Timothy Morris of the Henrico County Police Department in response to a report that she had been sexually assaulted. The victim alleged that, during the summer of 2005, she had spent the night at Rose's house. At some point during the night, Rose placed his finger inside her vagina for approximately two minutes, until the victim slapped his hand away. Rose was subsequently arrested and charged with object sexual penetration and aggravated sexual battery.

At trial, the Commonwealth relied almost exclusively on the victim's testimony. On cross-examination, the defense questioned the victim about the statement she gave to Investigator Morris as well as the testimony she had previously given at the preliminary hearing. The questioning revealed that the victim's prior statements and testimony regarding the sexual assault were significantly different from the testimony she had given at trial.[2] After the Commonwealth presented its evidence, Rose testified in his own defense and denied that he had ever touched the victim inappropriately. The trial court, sitting without a jury, found Rose guilty of both charges.

Rose subsequently filed a motion to set aside convictions. At the hearing on this motion, Rose argued that that the totality of the circumstances indicated that the victim's testimony was

---

[1] As the parties are fully conversant with the record in this case, and because this memorandum opinion carries no precedential value, this opinion recites only those facts and incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

[2] The record indicates that the victim gave inconsistent statements with regard to 1) the number of times the victim claims to have slept in Rose's bed; 2) why she went into Rose's bedroom; 3) whether she was asleep before the touching; 4) whether Rose was under or on top of the covers; 5) whether Rose talked to her or was silent during the touching; 6) what happened immediately after the touching; and 7) when the victim told her family about the touching.

not credible. Additionally, Rose argued that the victim impact statement filed by the victim's mother after Rose was found guilty further contradicted the victim's testimony with regard to when the victim disclosed the incident to family members. The Commonwealth acknowledged that there were a number of inconsistencies between the victim's previous statements, her testimony, and the victim impact statement that could not be explained. The court overruled the motion to set aside the conviction, stating:

> The Court . . . has reread the statement, looked at various parts of the transcript, . . . read the victim's statement, read it and marked up Dr. Nelson's report, and looked at . . . the victim impact statement [written by the mother] . . . .
>
> As to this phase, that is looking at the Motion to Reconsider, I'll repeat something I probably said the first time around, the inconsistencies in [a] case of this nature, in the court's mind support [] the court's original position of finding the Defendant guilty more so than if she had come in and testified and said exactly the same thing all the way through. Sort of like the, for all of us who studied the New Testament, the four Gospels they are inconsistent in parts. And that's one reason they say they're probably true. Because if they were all saying the same thing, it make me a little suspicious that they were fabricated. And so the inconsistencies don't bother the court. . . .
>
> But to have the child testif[y] in lower court, testify here, and also talk to her family and also to Social Services, and even though there's some differences and also some differences of the parent, the Court is convinced that it is beyond a reasonable doubt.

Rose appeals to this Court.

## ANALYSIS

Rose asserts that the testimony offered at trial, specifically the victim's testimony, was inherently incredible and insufficient to sustain the trial court's verdict. Additionally, Rose argues that the trial court erred, as a matter of law, in finding that the victim's prior inconsistent statements actually bolstered her credibility and in relying on those prior inconsistent statements in making its decision.

- 3 -

"When a defendant challenges on appeal the sufficiency of the evidence to sustain his conviction, it is the duty of an appellate court to examine the evidence that tends to support the conviction and to permit the conviction to stand unless the conviction is plainly wrong or without evidentiary support." Commonwealth v. Presley, 256 Va. 465, 466, 507 S.E.2d 72, 72 (1998). "If there is evidence to support the conviction, an appellate court is not permitted to substitute its own judgment for that of the finder of fact, even if the appellate court might have reached a different conclusion." Id.

It is well established that "'[t]he credibility of witnesses and the weight accorded their testimony are matters solely for the fact finder who has the opportunity of seeing and hearing the witnesses.'" Commonwealth v. Jackson, 276 Va. 184, 197, 661 S.E.2d 810, 816 (2008) (quoting Schneider v. Commonwealth, 230 Va. 379, 382, 337 S.E.2d 735, 736-37 (1985)). The conclusions drawn by the fact finder on credibility issues may be disturbed on appeal only if the appellate court finds that the witness' testimony was "inherently incredible, or so contrary to human experience as to render it unworthy of belief." Fisher v. Commonwealth, 228 Va. 296, 299-300, 321 S.E.2d 202, 204 (1984). "In all other cases, we must defer to the conclusions of 'the fact finder[,] who has the opportunity of seeing and hearing the witnesses.'" Ashby v. Commonwealth, 33 Va. App. 540, 548, 535 S.E.2d 182, 187 (2000) (quoting Schneider, 230 Va. at 382, 337 S.E.2d at 736-37). "These same principles apply in cases involving rape, sodomy and other sexual offenses, which may be sustained solely upon the testimony of the victim, even in the absence of corroborating evidence." Id. at 548-49, 535 S.E.2d at 187.

> So long as a witness deposes as to facts which, if true, are
> sufficient to maintain their verdict, then the fact that the witness'
> credit is impeached by contradictory statements affects only the
> witness' credibility; contradictory statements by a witness go not
> to competency but to the weight and sufficiency of the testimony.

> If the trier of the facts sees fit to base the verdict upon that testimony there can be no relief in the appellate court.

Swanson v. Commonwealth, 8 Va. App. 376, 379, 382 S.E.2d 258, 259 (1989).

In the present case, as in most cases of this nature, it is undisputed that the only people present at the time of the incident were Rose and the victim. As their testimony was mutually exclusive, it was well within the province of the trial court to determine who was telling the truth. It is clear in this case that the trial judge chose to believe the victim's inconsistent testimony over Rose's self-serving testimony. "In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt." Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998). Accordingly, we hold that the evidence was sufficient to sustain the trial court's verdict.

Rose next argues that the trial court improperly found that the victim's prior inconsistent statements actually bolstered her credibility. Specifically, Rose asserts that by referencing the victim's prior inconsistent statements, "the trial court was using them as evidence of the truth of the allegations, contrary to the law." We disagree.

"The fact that a witness makes inconsistent statements in regard to the subject matter under investigation does not render [her] testimony nugatory or unworthy of belief." Swanson, 8 Va. App. at 378, 382 S.E.2d at 259. Rather, "[i]nconsistent statements by a witness go to the weight and sufficiency of the testimony, not the competency of the witness." Fordham v. Commonwealth, 13 Va. App. 235, 240, 409 S.E.2d 829, 832 (1991).

However, our Supreme Court has admonished that a prior inconsistent statement is neither substantive nor "evidence of the truth of the earlier account." Royal v. Commonwealth, 234 Va. 403, 405, 362 S.E.2d 323, 324 (1987). Rather, "[a] prior inconsistent statement is received into evidence *exclusively to attack the credibility* of the witness who has given different

- 5 -

accounts of the facts at different times." Id. (emphasis added).  Taking the holding in Royal to

its logical conclusion, a necessary corollary is that prior inconsistent statements cannot be used

to bolster the credibility of a witness.

Rose's argument focuses specifically on the statements made by the trial court during the

hearing on the motion to reconsider.  In responding to defense counsel's argument on the motion

to reconsider, the trial court stated:

> The Court . . . has reread the statement, looked at various parts of
> the transcript, . . . read the victim's statement, read it and marked
> up Dr. Nelson's report, and looked at . . . the victim impact
> statement [written by the mother] . . . .
>
> As to this phase, that is looking at the motion to reconsider, I'll
> repeat something I probably said the first time around, the
> inconsistencies in [a] case of this nature, in the court's mind
> support [] the court's original position of finding the Defendant
> guilty more so than if she had come in and testified and said
> exactly the same thing all the way through.  Sort of like the, for all
> of us who studied the New Testament, the four Gospels they are
> inconsistent in parts.  And that's one reason they say they're
> probably true.  Because if they were all saying the same thing, it
> make me a little suspicious that they were fabricated.  And so the
> inconsistencies don't bother the court. . . .
>
> But to have the child testif[y] in lower court, testify here, and also
> talk to her family and also to Social Services, and even though
> there's some differences and also some differences of the parent,
> the Court is convinced that it is beyond a reasonable doubt.

Rose argues that the inconsistencies the trial court is referring to in the second paragraph

are the inconsistencies in the victim's testimony.  In so doing, according to Rose, the trial court is

utilizing the victim's inconsistent statements to improperly bolster her credibility.

The trial court, however, begins by stating, "The Court . . . has reread the statement,

looked at various parts of the transcript, . . . read the victim's statement, read it and marked up

Dr. Nelson's report, and looked at . . . the victim impact statement."  Thus, it is clear that the

inconsistencies that the trial court is referring to are the inconsistencies between the victim's

testimony, Dr. Nelson's report, and the victim impact statement (which was prepared by the victim's mother). The trial court's subsequent discussion of the four Gospels further indicates that it was referring to multiple individuals recounting the same event as opposed to one person recounting the same event multiple ways.

The trial court then took the position that the inconsistencies between these renditions support the verdict more so than if the victim had "testified and said exactly the same thing all the way through." As the trial court noted with its gospel analogy, it is not unusual, and indeed expected, that different people might recount the same event differently. Indeed, such a comparison is exactly what Rose asked the trial court to do in the motion to reconsider, that is, to compare what the victim said to what the mother said the victim said.

The fact Rose's defense centered around the notion that Rose's ex-wife and the victim's mother had convinced the victim to fabricate the story further supports this interpretation of the trial court's statements. If Rose's ex-wife and the victim's mother had convinced the victim to fabricate the story, there is less of a likelihood that there would be inconsistencies between the victim's testimony and the victim impact statement. As the trial court stated, "[b]ecause if they were all saying the same thing, it would make me a little suspicious that they were fabricated."

Most importantly, a contextual reading of the trial court's third paragraph indicates that the trial court properly weighed the inconsistencies. In the third paragraph, the trial court stated that "the inconsistencies don't bother the court," thus indicating that the trial court was aware of the inconsistencies and determined that they did not render the victim unbelievable. "Prior inconsistent testimony is a factor in determining the credibility of a witness, but it does not automatically render the witness' testimony incredible." Fordham, 13 Va. App. at 240, 409 S.E.2d at 832.

Additionally, when referring to the victim's inconsistent statements, the trial court stated, "*even though* there's some differences." (Emphasis added). The use of the phrase "even though" indicates the trial court recognized that the inconsistent statements were an attack on the victim's credibility, but still found her to be credible. If Rose were correct and the trial court used the victim's prior inconsistent statements to bolster her credibility, the trial court would have necessarily found that she was credible "*because* there's some differences [in the victim's prior statements and testimony]." Thus, although the victim gave several inconsistent statements, the record reflects that the trial court recognized and properly weighed those statements.

## CONCLUSION

For the foregoing reasons, we affirm Rose's convictions of object sexual penetration and aggravated sexual battery.

Affirmed.