COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, Haley and Alston
Argued at Alexandria, Virginia


ROCKY LOUIS KING

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 2507-09-4                      JUDGE ROSSIE D. ALSTON, JR.
                                                          MARCH 22, 2011
COMMONWEALTH OF VIRGINIA


                    FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                              Robert J. Smith, Judge

            Michael J. Lindner (Law Office of Michael J. Lindner, on brief), for
            appellant.

            Alice T. Armstrong, Assistant Attorney General II (Kenneth T.
            Cuccinelli, II, Attorney General, on brief), for appellee.


       Rocky Louis King (appellant) was convicted of attempted capital murder, use of a

firem during the commission of a felony, possession of cocaine, and possession of a firearm

while in possession of cocaine.  He appeals these convictions, arguing that the trial court erred by

denying his "post-trial motion for a mistrial or, in the alternative, for a hearing on the effect of a

third-party contact with jurors."  Because appellant failed to timely object when the trial court

informed him of the third-party contact with the jury, appellant waived appellate review of this

assignment of error.

       Appellant was tried in a bifurcated jury trial.  The guilt phase of the trial lasted three

days.  On the third day, the jury convicted appellant of the attempted capital murder of a Fairfax

County police officer, use of a firearm in the attempted capital murder, possession of cocaine,

and possession of a firearm while in the possession of cocaine.  After the jury returned the guilty

       [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

verdicts, the trial court excused the jury for the rest of the day. The trial court instructed the

jurors not to discuss the case with anyone and stated that the trial would resume the following

morning at 9:00 a.m.

The following day, after the parties had presented their evidence and sentencing

arguments to the jury and while the jury deliberated, the Commonwealth's attorney informed the

judge that "part of [appellant's] support group, I think his family members, have made . . .

Ms. Scott [a defense witness] feel very uncomfortable."[1] The trial court responded by stating

that it was within the sheriff's office's discretion to provide Ms. Scott with an escort post-trial if

the sheriff felt the provision of an escort was appropriate. The Commonwealth's attorney also

informed the trial court that members of appellant's support group were also "making

comments" to the victim. The trial court had no specific response to this information and

subsequently recessed.

When the trial court reconvened, but while the jurors were out of the courtroom, the trial

court informed counsel that the jury had reached a verdict. It then told counsel that they would

be precluded from interviewing the jury "about litigation techniques" after the conclusion of the

proceedings. The trial court explained:

> I'm not going to [allow counsel to meet with the jury] because
> apparently, I'm going to bring this to the attention of both of you,
> apparently some comments were made to jurors yesterday, I don't
> know by who [sic]. Someone with an interest in the outcome of
> the case.

\*   \*   \*   \*   \*   \*   \*

---

[1] On brief, appellant erroneously identified Ms. Scott as a juror, rather than as a defense
witness. At oral arguments, appellant corrected this error, and waived any argument he
presented on brief that referenced Ms. Scott.

So what I'm going to do, I'm going to talk to them when
they'redone and then they're going to be escorted to their cars.

Appellant did not object at this time.

The jury returned to the courtroom and delivered its sentencing verdict. Subsequently, the trial court told the jurors, "We're going to take you back to the jury room one more time. I'm not going to excuse you just yet. I'll be back there in a few moments." After the jury had exited the courtroom, the trial court set a date for appellant's sentencing and asked counsel, "Is there anything to take up before court adjourns?" Appellant's trial counsel conferred with appellant off the record and stated, "Nothing further, Your Honor." The jury was subsequently discharged.

The trial ended on July 3, 2008. On the next business day, July 7, 2008, appellant filed a motion to vacate the jury verdict and declare a mistrial, or in the alternative, to "return the jurors to court for a hearing on the effect of the comment on their deliberations and to inquire as to the prejudicial effect it may have had on the outcome of the trial."

After a hearing on July 8, 2008, the trial court denied the motion.[2] This appeal followed.

Without question,

> [i]n a criminal case, any private communication, contact, or tampering, directly or indirectly, with a juror during a trial about the matter pending before the jury is, for obvious reasons, deemed presumptively prejudicial, if not made in pursuance of known rules of the court and the instructions and directions of the court made during the trial, with full knowledge of the parties. This presumption is not conclusive, but the burden rests heavily upon the [g]overnment to establish, after notice to and hearing of the defendant, that such contact with the juror was harmless to the defendant.

---

[2] Specifically, the trial court stated, "I have no problem with the timeliness of the motion . . . . I think [appellant] made it as soon as feasibly possible." The trial court went on to hold, "But I do not think that the threshold has been satisfied to go behind the jury verdict, so the motion for a mistrial is denied, as is the motion in the alternative, to bring the jurors in for questioning." The trial court's comment on the timeliness of the motion is not binding on this Court. The specific comment is provided to simply put the resolution of the core issue in proper context.

Remmer v. United States, 347 U.S. 227, 229 (1954) (citing Mattox v. United States, 146 U.S. 140, 148-50 (1892); Wheaton v. United States, 133 F.2d 522, 527 (8th Cir. 1943)). "The Remmer presumption of prejudice arises upon a showing of two elements: that an extraneous contact with or by a member of the jury took place and that such contact was 'about the matter pending before the jury.'" Lenz v. Warden, 267 Va. 318, 329, 593 S.E.2d 292, 298 (2004) (quoting Remmer, 347 U.S. at 229).

In Remmer, the defendant discovered post-trial that a third party had made contact with a member of the jury during the trial. 347 U.S. at 228. There, the trial court denied the defendant's request for either a mistrial or a hearing to determine the circumstances surrounding the nature of the contact and to determine if the effect of the contact was prejudicial to the defendant. Id. at 228-29. The Remmer Court concluded that the trial court erred in this approach and held that when a third party's contact with the jury is discovered post-trial, the trial court must hold "a hearing with all interested parties permitted to participate" to "determine the circumstances, the impact thereof upon the juror, and whether or not it was prejudicial." Id. at 229-30.

Relying on Remmer, appellant argues that the trial court erred in denying the post-trial motion for a mistrial or, alternatively, in denying a hearing on the effect of the third-party contact on the jurors. Appellant contends that the circumstances in the instant case are analogous to the facts in Remmer. Appellant's reliance on the analytical framework of Remmer is not supported by the circumstances of this case.

Unlike the defendant in Remmer, appellant was aware of the third-party contact during the trial. He had an opportunity to request a hearing regarding the jury contact prior to the delivery of the verdict and prior to the discharge of the jury. The trial court informed the parties of the third-party contact and told them that it would speak to the jurors later. The trial court also

- 4 -

took steps to ensure the jurors were escorted to their cars by the sheriff's office. Then, the trial court asked appellant's trial counsel if he had any other matters to bring before the court. After conferring with appellant, appellant's trial counsel informed the judge that there was nothing further to discuss.

Virginia's appellate courts have never specifically addressed the question of whether a post-trial hearing regarding third-party contact with a juror must be held when the defendant does not request a hearing when he learns of the contact during the trial. However, the Supreme Court of Virginia has "repeatedly held that if a defendant wishes to take advantage on appeal of some incident he regards as objectionable enough to warrant a mistrial, he must make his motion timely or else be deemed to have waived his objection." Yeatts v. Commonwealth, 242 Va. 121, 137, 410 S.E.2d 254, 264 (1991) (citing Russo v. Commonwealth, 207 Va. 251, 257, 148 S.E.2d 820, 825 (1966); Cheng v. Commonwealth, 240 Va. 26, 38-39, 393 S.E.2d 599, 605-06 (1990); Price v. Commonwealth, 213 Va. 113, 121, 189 S.E.2d 324, 330 (1972); Brown v. Commonwealth, 208 Va. 512, 518-19, 158 S.E.2d 663, 668-69 (1968)). More particularly, the Supreme Court in Riner v. Commonwealth, 268 Va. 296, 601 S.E.2d 555 (2004), held that when a defendant learned of juror misconduct during the trial, but failed to move for a mistrial when the misconduct was discovered, the defendant waived appellate review on that issue. 268 Va. at 318, 601 S.E.2d at 567 (citing Rule 5:25).

In Green v. Commonwealth, 26 Va. App. 394, 402-03, 494 S.E.2d 888, 892 (1998), this Court held that a defendant had waived his right to a post-trial hearing regarding a juror's impartiality by failing to request a hearing when the suggestion of partiality was raised during the trial. The Court reasoned,

> "To permit prisoners to avail themselves, after verdict, of pre-existing objections to the competency of jurors, as a matter of right, would not only be unreasonable, but most mischievous in its consequences . . . . A prisoner knowing, or *willfully remaining*

- 5 -

> *ignorant* of the incompetency of a juror, would take the chances of
> a favorable verdict . . .; and if the verdict should be adverse . . .
> [seek to] avoid its effect."

Id. at 402, 494 S.E.2d at 892 (emphasis and alterations in the original) (quoting Allen v.

Commonwealth, 122 Va. 834, 845-46, 94 S.E. 783, 787 (1918)). This Court concluded that a

"defendant's 'conscious decision to find out what the jury was going to do . . . in hopes that [it]

might acquit' constituted a waiver of his right to further inquiry." Id. at 403, 494 S.E.2d at 892

(quoting Gray v. Hutto, 648 F.2d 210, 211 (4th Cir. 1981); citing United States v. Breit, 712 F.2d

81, 82 (4th Cir. 1983); Robertson v. Metro. Wash. Airport Auth., 249 Va. 72, 76-77, 452 S.E.2d

845, 847 (1995); Royal v. Commonwealth, 2 Va. App. 59, 69-70, 341 S.E.2d 660, 666 (1986),

rev'd on other grounds, 234 Va. 403, 362 S.E.2d 323 (1987)). With this pronouncement, this

Court noted that the circumstances in Green were "clearly distinguishable from instances of juror

misconduct first discovered post-verdict." Id. at 403 n.3, 494 S.E.2d at 892 n.3 (comparing

Robertson, 249 Va. at 76, 452 S.E.2d at 847, with Commercial Union Ins. Co. v. Moorefield, 231

Va. 260, 266-67, 343 S.E.2d 329, 333 (1986), and Haddad v. Commonwealth, 229 Va. 325, 330,

329 S.E.2d 17, 20 (1985), and Kearns v. Hall, 197 Va. 736, 743, 91 S.E.2d 648, 653 (1956)).

While the assignment of error in the instant case addresses third-party contact, rather than

juror misconduct or jury impartiality, the legal tenet requiring a defendant to make a timely

motion for a mistrial applies. Here, appellant was notified that someone with an interest in his

case had made comments to the jury; however, appellant elected to forego a timely inquiry into

the third-party contact.[3] He chose not to inquire who had contacted the jury and what the nature

of the communication was. Instead, he chose to await the jury verdict and then made the motion

after the jury was discharged. We choose not to speculate as to the reasons for appellant's

---

[3] When making this decision, appellant was also aware that members of his support group
had made a witness uncomfortable and had made comments to the victim.

forbearance; we only note that appellant failed to avail himself of this prerogative.  Given these circumstances, we conclude that the court did not err in failing to grant appellant a mistrial or a hearing pursuant to <u>Remmer</u>.

Accordingly, we affirm the convictions.

<u>Affirmed.</u>