COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, McClanahan and Senior Judge Coleman
Argued at Salem, Virginia


MICHAEL LEE FITZGERALD
                                                      OPINION BY
v.        Record No. 0572-05-3                JUDGE LARRY G. ELDER
                                                      JUNE 6, 2006
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF PITTSYLVANIA COUNTY
Charles J. Strauss, Judge

Jesse W. Meadows III for appellant.

Eugene Murphy, Senior Assistant Attorney General (Judith Williams
Jagdmann, Attorney General, on brief), for appellee.


Michael Lee Fitzgerald appeals from his jury trial convictions for two counts of indecent

liberties with a child in his custody and one count of object sexual penetration.  On appeal, he

contends the court abused its discretion by allowing a licensed professional counselor to give

testimony regarding her psychiatric diagnosis of the victim.  We hold the trial court did not err in

admitting this testimony.  Thus, we affirm appellant's convictions.

I.

BACKGROUND

Appellant was indicted for the instant offenses involving his stepdaughter, S.L.W., who

was twelve years old when the offenses were alleged to have occurred.

At trial, after S.L.W. and her mother testified about the incidents, the Commonwealth

called Linda Giles, a licensed professional counselor who treated S.L.W. after the charged

offenses occurred.  Giles testified that, after taking a history from S.L.W., which included a

report that appellant "allegedly" "had had an inappropriate sexual penetration with her" on July

27, 2004, and "working with [S.L.W.] and her mom," Giles determined S.L.W. was "experience[ing] moderately severe symptoms of post traumatic stress disorder [PTSD]." Counsel for appellant objected that Giles was not "clinically qualified to make that diagnosis" and that such a diagnosis had to be made by a psychiatrist or medical doctor to a reasonable degree of medical certainty. Counsel was unable to cite any authority to the court supporting that assertion, and the trial court overruled appellant's objection.

At the close of the evidence, the jury convicted appellant of the charged offenses. After sentencing, appellant noted this appeal.

## II.

## ANALYSIS

Appellant contends the trial court abused its discretion by allowing Giles, a licensed professional counselor, to give a psychiatric diagnosis and that only a psychiatrist or other medical doctor was qualified to make such a diagnosis. We hold Virginia's rules of evidence and statutory scheme support the trial court's decision to admit Giles's opinion testimony, and we affirm the convictions.

"In any proper case, an expert witness may be permitted to express his opinion upon matters not within common knowledge or experience." Cartera v. Commonwealth, 219 Va. 516, 518, 248 S.E.2d 784, 786 (1978). "The record must show that the proffered expert possesses sufficient knowledge, skill, or experience to render him competent to testify as an expert on the subject matter of the inquiry." King v. Sowers, 252 Va. 71, 78, 471 S.E.2d 481, 485 (1996). Ordinarily, a witness need not have specialized training in a particular field and may gain his expertise solely through work experience. Wileman v. Commonwealth, 24 Va. App. 642, 647-48, 484 S.E.2d 621, 624 (1997) (qualifying bank official as expert in comparing signatures to determine authenticity). However, "[w]here a statute designates express qualifications for an

expert witness, the witness must satisfy the statutory criteria in order to testify as an expert." Commonwealth v. Allen, 269 Va. 262, 273, 609 S.E.2d 4, 11 (2005). Also, where a statute requires an individual to be licensed before working in a particular field, a witness not licensed in that field may not testify as an expert in that field. See Lee Gardens v. Arlington County Bd., 250 Va. 534, 539-40, 463 S.E.2d 646, 648-49 (1995) (holding witness not licensed as real estate appraiser could not testify as expert on real estate valuation where statute made it unlawful to engage in real estate appraisal without license). In keeping with this principle, "[t]he medical expert is normally an M.D., but need not be. Other medical personnel, *e.g.*, nurses, technicians, etc., may testify as to matters within their own areas of competence." Charles E. Friend, The Law of Evidence in Virginia § 17-17 (6th ed. 2003). "Whether a particular witness is qualified to testify as an expert is 'largely a matter in the discretion of the trial court, and its rulings allowing a witness to testify will not be disturbed unless it clearly appears that [the expert] was not qualified.'" Wileman, 24 Va. App. at 647, 484 S.E.2d at 624 (citation omitted).

Here, the expert whose opinion testimony was challenged, Linda Giles, testified she was a licensed professional counselor practicing in Danville, Virginia. Pursuant to Subtitle III of Title 54.1, which details the professions and occupations regulated by boards within the Department of Health Professions, a "professional counselor" is "a person who practices *counseling* as defined in § 54.1-3500," Code § 54.1-2400.1, and "a person trained in *counseling* interventions designed to facilitate an individual's achievement of human development goals and remediating mental, emotional, or behavioral disorders and associated distresses which interfere with mental health and development," Code § 54.1-3500 (emphasis added). The general provisions of Chapter 35 of that Subtitle, which covers "Professional Counseling," provide as follows:

> As used in this chapter, unless the context requires a different
> meaning:

* * * * * * *

> "*Counseling*" means the therapeutic process of: (i) conducting assessments and *diagnoses* for the purpose of establishing treatment goals and objectives and (ii) planning, implementing, and evaluating treatment plans using treatment interventions to facilitate human development and to identify and remediate mental, emotional or behavioral disorders and associated distresses which interfere with mental health.

Code § 54.1-3500 (emphasis added); see 2000 Va. Acts, ch. 473 (noting amendment that changed name of governing board from "Board of Licensed Professional Counselors, Marriage and Family Therapists, and Substance Abuse Professionals" to "Board of Counseling"). Thus, Virginia law expressly permits professional counselors to diagnose--as well as treat--mental, emotional, and behavioral disorders. Compare Code § 54.1-3500 (allowing professional counselors to make diagnoses), with In re Johnson, 58 S.W.3d 496, 499 (Mo. 2001) (in proceeding charging defendant as sexually violent predator, holding Missouri statutes permit psychiatrists, psychologists, and licensed clinical social workers "to make diagnoses of mental disorders" but do not define "professional counseling" as including authority to make "diagnoses").

In addition to the diagnostic authority granted Giles by the laws of the Commonwealth, the evidence adduced at trial supported a finding that Giles was, in fact, *qualified* to exercise that diagnostic authority in this case. See Grubb v. Hocker, 229 Va. 172, 176, 326 S.E.2d 698, 700 (1985) ("'[T]he expressed belief of a witness that he is an expert does not *ipso facto* require his qualification. The facts must show that he possesses sufficient knowledge, skill or experience to make him competent to testify as an expert on the subject matter of the inquiry.'" (quoting Noll v. Rahal, 219 Va. 795, 800, 250 S.E.2d 741, 744 (1979) (citation omitted))).

Giles testified that, in order to become a licensed professional counselor, she obtained a Master's degree in counseling and underwent an additional three years of clinical training under

- 4 -

a licensed psychologist or counselor. Giles's "initial training was . . . working with children[,] primarily abuse victims, particularly ritualistically abused children," and she said she "started doing family work after that." After completing her supervised training, Giles practiced nine years on her own as a licensed professional counselor prior to appearing in court to testify in this proceeding.

Giles testified about the Diagnostic and Statistical Manual of Mental Health Disorders (DSM), which she described as "the standard printed by the American Psychiatric Association and used by psychologists, licensed professional counselors [and] licensed clinical social workers" in making psychiatric diagnoses. She said that the DSM "is an effort to organize symptoms and organize thoughts in such a way that we can effect a treatment." She also testified that, based on her training as a licensed professional counselor, she was qualified to make psychiatric diagnoses in consultation with the DSM. Giles said she studied the particular DSM mental disorder at issue, PTSD, while in her Master's program and "in much much more detail later in [her] clinical training." She also gave specific testimony about the symptoms of PTSD as described in the DSM.

In sum, it was uncontested that the nature, symptoms, and possible causes of PTSD, a recognized mental health disorder, were things not within the common knowledge or experience of the jury, and the evidence supported a finding that Giles was both (1) permitted by state law and (2) qualified by training and experience to testify about PTSD. Thus, we hold the trial court did not abuse its discretion in allowing Giles to testify to her opinion that S.L.W. suffered from PTSD.

III.

For these reasons, we hold the trial court did not err in admitting the challenged expert testimony, and we affirm appellant's convictions.

<u>Affirmed.</u>