Present: All the Justices

MICHAEL LEE FITZGERALD

                                        OPINION BY
v.  Record No. 061361        JUSTICE LAWRENCE L. KOONTZ, JR.
                                        April 20, 2007
COMMONWEALTH OF VIRGINIA


            FROM THE COURT OF APPEALS OF VIRGINIA

     In a jury trial held in the Circuit Court of Pittsylvania

County, Michael Lee Fitzgerald was convicted on two counts of

indecent liberties with a minor by a person in a custodial or

supervisory relationship, Code § 18.2-370.1, and one count of

object sexual penetration, Code § 18.2-67.2.  In this appeal,

the sole issue we consider is whether the trial court erred in

permitting a licensed professional counselor to testify as an

expert witness that the alleged victim suffered from post-

traumatic stress disorder ("PTSD").[1]

                          BACKGROUND

     To resolve the limited issue presented in this appeal, we

need not recite the trial evidence that led to Fitzgerald's

criminal convictions.  The case arises from allegations,

supported by the Commonwealth's evidence, that Fitzgerald

engaged in unlawful sexual acts with his stepdaughter ("the

_____

     [1] We consider a similar issue with regard to expert
testimony by a licensed clinical social worker in Conley v.
Commonwealth, 273 Va. ___, ___ S.E.2d ___ (2007) (this day
decided).

victim"), who was under the age of thirteen years at the time. The focus of our analysis in resolving the issue presented is upon the challenged testimony of the Commonwealth's expert witness, Linda Giles.

At trial, the Commonwealth called Giles, a licensed professional counselor,[2] to testify as an expert witness. Giles testified that she held a master's degree in counseling in addition to a bachelor's degree. Additionally, Giles testified that she had completed three years of clinical training, which involves supervision by a licensed psychologist or a licensed professional counselor. Giles related that, at the time of trial, she had practiced as a licensed professional counselor for nine years and that her "primary background" involved working with children who were victims of abuse.

Giles testified that she first met with the victim and her mother through a referral by Child Protective Services. Giles explained that at that time her objective as a clinician was to "determine symptomology and treat the symptoms." She further explained that "[w]hat I would do with someone with [the

_____

[2] Code § 54.1-3500 defines a "[p]rofessional counselor" as "a person trained in counseling interventions designed to facilitate an individual's achievement of human development goals and remediating mental, emotional, or behavioral disorders and associated distresses which interfere with mental health and development."

2

victim's] background would be to try and make her feel safe in the world again . . . based on the symptoms that I was seeing with her."

Giles testified that she conducted six counseling sessions with the victim after the initial meeting, and had an ongoing professional relationship with her at the time of trial. During the counseling sessions, Giles determined from the victim and her mother that Fitzgerald "[a]llegedly . . . had an inappropriate sexual penetration with [the victim] on her living room floor when her mother was not there."

Giles then testified that the victim "experiences moderately severe symptoms of post traumatic stress disorder," which she defined as "a collection of symptoms that happen after a traumatic event that has occurred that has made someone feel horror, helplessness." She stated that "any kind of inappropriate sexual contact with a . . . child qualifies and they relive the experience in all of their senses."

At this point, Fitzgerald objected, stating that Giles was not "clinically qualified to make that diagnosis." Fitzgerald asserted that a diagnosis of PTSD "has to be made by a doctor and cannot be made by a licensed professional counselor." The trial court overruled Fitzgerald's objection.

Continuing her testimony, Giles stated that she uses the Diagnostic and Statistical Manual of Mental Health Disorders ("DSM") as her standard for looking for symptoms and making a diagnosis. She testified that the DSM "is the standard printed by the American Psychiatric Association and [is] used by psychologists, licensed professional counselors, [and] licensed clinical social workers." Giles explained that the DSM "is an effort to organize symptoms and organize thoughts in such a way that we can effect a treatment."

Giles testified that she first encountered PTSD, which she characterized as a "psychiatric diagnosis," in her master's degree program but encountered it in "much more detail" during her clinical training. She listed numerous symptoms characteristic of PTSD, and stated that the victim reported or displayed "most" of those symptoms. Giles testified that under the specific diagnostic scoring system set forth in the DSM for PTSD, the victim clearly met the criteria for PTSD and it was "[n]owhere near" a close call.

On cross-examination, Giles reiterated that PTSD is a "psychiatric diagnosis." However, she did not agree that psychiatric diagnoses are usually made by psychiatrists, again stating that psychologists, licensed professional counselors, and licensed clinical social workers are trained to use the DSM.

4

At the conclusion of the evidence, the jury found Fitzgerald guilty of the charged offenses.[3] Fitzgerald perfected an appeal to the Court of Appeals.

A three-judge panel of the Court of Appeals concluded that the trial court did not abuse its discretion in allowing Giles' testimony because "Virginia law expressly permits professional counselors to diagnose . . . mental, emotional, and behavioral disorders" and "the evidence adduced at trial supported a finding that Giles was, in fact, qualified to exercise that diagnostic authority in this case." Fitzgerald v. Commonwealth, 48 Va. App. 271, 276, 630 S.E.2d 337, 339 (2006). This appeal followed.

                                DISCUSSION

Fitzgerald's principal basis for making the assertion that the trial court erred in permitting Giles to testify as an expert that the victim suffered with PTSD is that a diagnosis of PTSD is a "psychiatric diagnosis" and Giles is not a psychiatrist. According to Fitzgerald, only a psychiatrist or psychologist[4] may qualify to give expert testimony regarding a

---

[3] The jury found Fitzgerald not guilty of an additional count of object sexual penetration.

[4] On brief, while referring both to a psychiatrist, who is a physician, and a psychologist, who is a non-physician, Fitzgerald necessarily concedes that a psychologist may qualify to render an expert opinion regarding a mental disorder. See

diagnosis based on the mental disorders identified in the DSM and, thus, licensed professional counselors, including Giles, are categorically unqualified to give such testimony.

To support his contentions, Fitzgerald asserts that no provision in Title 54.1, Chapter 35 of the Code, which is entitled "Professional Counseling," Code §§ 54.1-3500 through -3515, enables a licensed professional counselor to engage in the practice of psychiatry or psychology. Furthermore, Fitzgerald notes that Title 54.1, Chapter 36 of the Code, which is entitled "Psychology," Code §§ 54.1-3600 through -3616, contains "no mention of a licensed professional counselor or anyone other than a psychologist." Thus, Fitzgerald maintains that the organization of the Code in this manner supports the conclusion that psychology, and making related diagnoses, is a field of expertise limited to psychiatrists and psychologists. We disagree with Fitzgerald's contentions.

It is axiomatic that in order to qualify to give expert testimony a witness must possess sufficient knowledge, skill, or experience regarding the subject matter of the testimony to assist the trier of fact in the search for truth. See Velazquez v. Commonwealth, 263 Va. 95, 103, 557 S.E.2d 213, 218 (2002)

---

Ward v. Commonwealth, 264 Va. 648, 653, 570 S.E.2d 827, 831 (2002).

6

(quoting Neblett v. Hunter, 207 Va. 335, 339-40, 150 S.E.2d 115, 118 (1966)); Sami v. Varn, 260 Va. 280, 284, 535 S.E.2d 172, 174 (2000); Combs v. Norfolk & Western Ry. Co., 256 Va. 490, 496, 507 S.E.2d 355, 358 (1998).  Generally, a witness possesses sufficient expertise when, through experience, study or observation the witness acquires "knowledge of a subject beyond that of persons of common intelligence and ordinary experience." Velazquez, 263 Va. at 103, 557 S.E.2d at 218; see also Norfolk & Western Ry. Co. v. Anderson, 207 Va. 567, 571, 151 S.E.2d 628, 631 (1966).  "[A]ll that is necessary for a witness to qualify as an expert is that the witness have sufficient knowledge of the subject to give value to the witness's opinion."  Velazquez, 263 Va. at 103, 557 S.E.2d at 218.  Notwithstanding these general principles, we have concluded that certain subject matter is exclusive to a particular field of expertise such that only witnesses trained as professionals in that field of expertise are qualified to render expert opinions regarding that subject matter.  See Combs, 256 Va. at 496-98, 507 S.E.2d at 358-59 (holding that only a medical doctor may testify as to the causation of a human physical injury); John v. Im, 263 Va. 315, 321, 559 S.E.2d 694, 697 (2002) (following Combs).  But see Velazquez, 263 Va. at 104, 557 S.E.2d at 218 (sexual assault

7

nurse examiner may testify as to cause of sexual assault related physical injury).

In resolving the issue presented, Conley v. Commonwealth, 273 Va. ___, ___ S.E.2d ___ (2007) (this day decided), is instructive. In Conley, we held that the trial court did not abuse its discretion in permitting a licensed clinical social worker to render an expert opinion that the victim of a sexual offense suffered from PTSD. We concluded that the statutory scheme by which clinical social workers become licensed and submit to other regulation authorized licensed social workers to "provide direct diagnostic, preventive and treatment services" regarding mental disorders such as PTSD. Accordingly, we held that since licensed clinical social workers are authorized by statute to provide direct diagnostic services, they may in appropriate circumstances render expert testimony as to such diagnoses.

While Conley involved testimony by a licensed clinical social worker, this case involves testimony by an individual belonging to a different category of mental health professional, a licensed professional counselor. However, licensed professional counselors are governed by a statutory scheme similar to the one applicable to licensed clinical social workers discussed in Conley. Professional counselors are

8

governed by a health regulatory board, the Board of Counseling, which possesses the authority and duty to issue licenses to qualified applicants seeking to join the profession. See Code § 54.1-3503; Code § 54.1-2400(3). Furthermore, Code § 54.1-3506 requires that "[i]n order to engage in the practice of counseling . . . it [is] necessary to hold a license" issued by the Board of Counseling.

As provided in the statutory scheme pertaining to the regulation of professional counselors the term "[p]rofessional counselor" is defined as a "person trained in counseling interventions designed to . . . remediat[e] mental, emotional, or behavioral disorders." Code § 54.1-3500. More significantly, "[c]ounseling" is defined to include "the therapeutic process of . . . conducting assessments and diagnoses for the purpose of establishing treatment goals and objectives and . . . to identify and remediate mental, emotional or behavioral disorders and associated distresses which interfere with mental health." Id. With absolute clarity, this statutory language expressly authorizes those qualified to engage in the practice of counseling to make diagnoses of mental disorders and design treatment strategies for them.

Furthermore, Code § 16.1-356 authorizes licensed professional counselors to perform competency evaluations for

9

juveniles.  Without question, such evaluations may entail identifying and diagnosing mental disorders.

Based upon these statutes, and in accordance with our holding in Conley, we hold that a licensed professional counselor is authorized to diagnose recognized mental disorders such as PTSD.  Thus, we further hold that a licensed professional counselor may in appropriate circumstances render expert testimony regarding a diagnosis of a mental disorder.

However, we stress that the trial court must determine whether a licensed professional counselor called as an expert witness in a given case in fact possesses sufficient skill, knowledge and experience as to the subject matter of the anticipated testimony.  "The issue whether a [potential] witness is qualified to testify as an expert on a given subject is a matter submitted to the trial court's discretion, and the trial court's ruling in this regard will not be disturbed on appeal unless it plainly appears that the witness was not qualified." Velazquez, 263 Va. at 104, 557 S.E.2d at 218 (citing Johnson v. Commonwealth, 259 Va. 654, 679, 529 S.E.2d 769, 783 (2000)). Here, the Court of Appeals held that the trial court did not abuse its discretion when it permitted Giles to testify as an expert that the victim suffered from PTSD.  We agree with the Court of Appeals.

10

Giles' educational background clearly indicates that she is well-versed in the area of mental health treatment. She underwent seven years of higher education, receiving a master's degree in counseling in addition to her bachelor's degree. She also completed three years of clinical training under the supervision of another counselor or a psychologist. Furthermore, her training initially focused on working with children who were victims of abuse. At the time of trial, Giles had practiced as a licensed professional counselor for nine years.

Giles testified that she studied PTSD while getting her master's degree and "in much more detail" during her three year clinical training. At trial, she listed the symptoms of PTSD set forth in the DSM, which is the standard diagnostic manual of the American Psychiatric Association. Giles testified that she had met with the victim several times and determined that, under the DSM's diagnostic criteria, the victim suffered from PTSD.

The record contains sufficient evidence to support the trial court's conclusion that Giles possessed sufficient knowledge and experience regarding PTSD and the victim's mental condition that Giles' opinion could be of value to the jury. Thus, the Court of Appeals was correct to hold that the trial court did not abuse its discretion in permitting Giles to

11

testify as an expert witness under the circumstances of this case.

CONCLUSION

For these reasons, we hold that the Court of Appeals correctly held that the trial court did not err in ruling that Giles was qualified to testify as an expert. Accordingly, the Court of Appeals' judgment will be affirmed.

<u>Affirmed</u>.

12