Present:  All the Justices

MARK ANTHONY CONLEY

                                          OPINION BY
v.  Record No. 060120         JUSTICE LAWRENCE L. KOONTZ, JR.
                                          April 20, 2007
COMMONWEALTH OF VIRGINIA


             FROM THE COURT OF APPEALS OF VIRGINIA

     In a jury trial held in the Circuit Court of Albemarle

County, Mark Anthony Conley was convicted on one count of

abduction with intent to defile, Code § 18.2-48, and two counts

of forcible sodomy, Code § 18.2-67.1.  In this appeal, the sole

issue we consider is whether the trial court erred in permitting

a licensed clinical social worker to testify as an expert that

Conley's nephew ("the victim"), suffered from post-traumatic

stress disorder ("PTSD").[1]

                           BACKGROUND

     Our resolution of the issue presented in this appeal does

not require a recitation of the trial evidence that led to

Conley's criminal convictions.  It suffices to relate that the

Commonwealth introduced evidence to support the allegations that

Conley coerced the victim, who was under the age of thirteen at

that time, into engaging in unlawful acts of oral sex.  The

_____

     [1] We consider a similar issue with regard to expert
testimony by a licensed professional counselor in Fitzgerald v.
Commonwealth, 273 Va. ___, ___ S.E.2d ___ (2007) (this day
decided).

focus of our analysis in resolving the issue presented is upon the challenged testimony at trial of the Commonwealth's expert witness, Anna H. Vanhoy.

Vanhoy is a licensed clinical social worker[2] who provided treatment services to the victim, subsequent to Conley's criminal acts, upon a referral by the child's pediatrician. Prior to trial, the Commonwealth designated Vanhoy as an expert witness who would be asked to give an expert opinion that the victim suffered from PTSD.[3]

Conley filed a motion in limine to exclude Vanhoy's anticipated testimony. Conley principally asserted in the motion, and thereafter during oral argument on it, that Vanhoy

---

[2] A "[s]ocial worker" is "a person trained to provide service and action to effect changes in human behavior, emotional responses, and the social conditions by the application of the values, principles, methods, and procedures of the profession of social work." Code § 54.1-3700. A "clinical social worker" is a "social worker who, by education and experience, is professionally qualified at the autonomous practice level to provide direct diagnostic, preventive and treatment services where functioning is threatened or affected by social and psychological stress or health impairment." Id.

[3] Post-traumatic stress disorder is a recognized mental disorder by the American Psychiatric Association in the Diagnostic and Statistical Manual of Mental Health Disorders. For purposes of our resolution of this appeal, PTSD is essentially a constellation of certain characteristic symptoms that manifest subsequent to a psychologically traumatic event that is outside the range of common experience.

2

was not qualified to render an expert opinion that the victim suffered with PTSD because "she's not a medical doctor."[4]

In response, the Commonwealth contended that Vanhoy possessed sufficient training, experience, and knowledge to testify as an expert regarding her diagnosis that the victim suffered with PTSD. The Commonwealth conceded that Vanhoy could not give an expert opinion that the victim's PTSD was caused by sexual abuse.

The trial court denied Conley's motion in limine, rejecting Conley's assertion that only a medical doctor may qualify to render an expert opinion regarding the diagnosis of PTSD. The trial court indicated that Vanhoy's qualification as an expert would depend on a showing that she possessed sufficient expertise in the diagnosis and treatment of PTSD.

At trial, the Commonwealth and Conley conducted extensive voir dire of Vanhoy regarding her qualification as an expert in the diagnosis and treatment of PTSD. Vanhoy testified that currently she is a licensed clinical social worker who works with families and children as a private practice therapist. Her testimony revealed that she received a bachelor's degree in

---

[4] Conley also contended in the motion in limine that Vanhoy's testimony was inadmissible for lack of probative value, carried a high risk of prejudice, and would improperly address

3

psychology and a master's degree in social work, and her educational background involved "training towards making diagnos[es] of a variety of emotional disorders."

Regarding her experience with the diagnosis and treatment of PTSD, Vanhoy testified that during graduate school she took a family violence course where PTSD was "one of the more significant diagnoses." Also during graduate school she interned at a family violence and rape crisis center where she worked with victims of sexual trauma. She estimated that over 50% of the individuals she encountered there suffered from "all stages" of PTSD.

Vanhoy further testified that after graduate school she worked for approximately two years in a family preservation clinic. There, she performed in-home services with families and children in crisis, carrying a caseload of six families at a time. Vanhoy related that some of the children she worked with had been sexually abused or had experienced episodes of violence, and estimated that 20% of the care recipients had PTSD.

Continuing, Vanhoy testified that she worked for approximately two and a half years as a clinical social worker

an ultimate issue of fact. However, these assertions are not at issue in this appeal.

at a state hospital for children and adolescents.  In this setting, she provided evaluation and treatment for children who presented a large variety of psychological diagnoses.  She "mainly" performed psycho-social evaluations but "also ran support groups as well as carried some individual therapy clients."  Vanhoy estimated that approximately 25% of the children she treated had PTSD.  Vanhoy stated, however, that since patients are often given a concurrent diagnosis where another disorder is given greater weight than PTSD, a "much greater number would have been impacted by PTSD."  Vanhoy estimated that of the children she treated at the state hospital, between 50% and 75% of those were impacted by PTSD.

Vanhoy testified that she subsequently entered private practice as a therapist.  In this capacity, she worked with an adult female with chronic PTSD and a "couple" of small children who were diagnosed with PTSD.  At the time of trial, Vanhoy practiced at a clinic implementing a "multi-disciplinary approach" to therapy.  Vanhoy testified that in this environment she encountered issues regarding various mental disorders, but only had one patient whom she would have diagnosed with PTSD.

Vanhoy further testified that, in addition to her work experience, she regularly reviews scholarly literature on psychology, has done a presentation on borderline personality

5

disorder, and has been on the board of directors of an agency that provides services to victims of domestic violence, sexual assault, and child sex abuse.

On cross-examination during voir dire, Vanhoy testified that she had personally diagnosed six or seven cases of PTSD during her career. Vanhoy conceded that she had never qualified to testify as an expert witness on PTSD or published any articles or scholarly works regarding PTSD, and that she cannot prescribe medication.

At the conclusion of voir dire, the Commonwealth moved to qualify Vanhoy as an expert in the field of diagnosis and treatment of PTSD. Over Conley's objection, the trial court ruled that Vanhoy was qualified to testify as an expert regarding the diagnosis and treatment of PTSD.

Upon direct examination during the trial, the Commonwealth elicited substantially the same testimony from Vanhoy regarding her educational background and professional experience. Vanhoy then testified regarding her treatment of the victim, recounting that she first met with him ten months prior to trial after a referral from his pediatrician. Beginning with the initial therapy session, Vanhoy recounted that she conducted therapy sessions with the victim approximately once a week and continued to do so until the time of trial.

Vanhoy testified that she initially diagnosed the victim with depressive disorder, but that since counseling with him over a period of time, she had "diagnosed him with [PTSD]." Vanhoy explained that PTSD is caused by a traumatic event such as "witnessing or experiencing violence, being in combat or a natural disaster," or experiencing "physical or sexual abuse." Vanhoy stated that the victim exhibited a "multitude" of the symptoms associated with PTSD.

At the conclusion of the evidence, the jury found Conley guilty of the charged offenses. By order entered on December 16, 2005, the Court of Appeals denied Conley's petition for appeal for reasons stated in a prior unpublished per curiam opinion. Conley v. Commonwealth, Record No. 0097-05-02 (June 8, 2005). This appeal followed.[5] [App. 157-158].

### DISCUSSION

Previously, we have not been called upon to address the particular issue whether a licensed clinical social worker may be qualified to render an expert opinion regarding the diagnosis of a mental disorder over the defendant's objection. Cf.

---

[5] The Court of Appeals initially dismissed Conley's appeal because he failed to timely file a transcript or written statement of facts. Conley filed a petition for writ of habeas corpus in this Court seeking leave to file a delayed appeal to the Court of Appeals. We granted the writ and Conley proceeded to file his appeal in the Court of Appeals.

Johnson v. Commonwealth, 267 Va. 53, 66-67, 591 S.E.2d 47, 54 (2004)(licensed clinical social worker, without objection, qualified as an expert regarding Dissociative Identity Disorder and borderline personality disorder).  However, the general principles pertaining to the qualification of an expert witness are well-established.  Generally, to qualify as an expert the witness needs only to have a degree of knowledge of a subject matter beyond that of persons of common intelligence and ordinary experience so that the witness' opinion will have value in assisting the trier of fact in understanding the evidence or determining a fact in issue.  See Velazquez v. Commonwealth, 263 Va. 95, 103, 557 S.E.2d 213, 218 (2002).  An expert witness may acquire the requisite knowledge of a subject matter through experience and observation in a variety of ways, including participation in a vocation, without formal training or education.  See Norfolk & Western Ry. Co. v. Anderson, 207 Va. 567, 571, 151 S.E.2d 628, 631 (1966); Neblett v. Hunter, 207 Va. 335, 339, 150 S.E.2d 115, 118 (1966).  Whether to permit a witness to qualify as an expert on a given subject matter is an issue submitted to the discretion of the trial court, and on appeal we will not reverse the trial court's ruling in this regard unless it plainly appears that the witness was not qualified.  Atkins v. Commonwealth, 272 Va. 144, 153, 631 S.E.2d

8

93, 97 (2006); Johnson v. Commonwealth, 259 Va. 654, 679, 529 S.E.2d 769, 783 (2000).

Notwithstanding these general principles regarding the qualification of an expert witness, Conley contends that we have established in Combs v. Norfolk & Western Ry. Co., 256 Va. 490, 496-97, 507 S.E.2d 355, 358-59 (1998), and in John v. Im, 263 Va. 315, 321, 559 S.E.2d 694, 697 (2002), that only a medical doctor may give an expert opinion regarding the cause of a physical human injury.[6] Upon this premise, Conley contends that because only a medical doctor may give an expert opinion regarding the cause of a human injury and "causation of a human injury is a component part of a diagnosis" as we stated in Combs, 256 Va. at 496, 507 S.E.2d at 358, then it necessarily follows that a non-physician may not also render an opinion regarding any medical diagnosis. Accordingly, Conley maintains that the trial court erred in qualifying Vanhoy as an expert in the diagnosis and treatment of PTSD and permitting her to give an expert opinion that the victim suffers with PTSD, regardless of any knowledge Vanhoy was shown to have gained by virtue of

---

[6] In John, we noted that the holding in Velazquez is limited to the unique context of permitting a sexual assault nurse examiner to render an expert opinion regarding the cause of a victim's injuries in a rape case. See John, 263 Va. at 321 n.2, 559 S.E.2d at 697 n.2.

9

her training and experience in diagnosing PTSD as a licensed clinical social worker.

Conley's reliance upon Combs and John is misplaced. In Combs, we held that the trial court abused its discretion in permitting a biomechanical engineer to give an expert opinion regarding the cause of the plaintiff's ruptured disc. 256 Va. at 497, 507 S.E.2d at 359. Noting that "the question of causation of a human injury is a component part of a diagnosis," and that the statutory definition of the "practice of medicine" contained in Code § 54.1-2900 includes making a "diagnosis," we concluded that the question of causation of a human injury is part of the practice of medicine. Id. at 496, 507 S.E.2d at 358. Thus, we held that only a medical doctor is qualified to give expert opinion regarding the cause of a human injury. Id. at 496-97, 507 S.E.2d at 358-59.

Subsequently, in John, consistent with our holding in Combs, we held that a licensed Ph.D. psychologist was not qualified to give an opinion that the plaintiff had suffered a "mild traumatic brain injury . . . as a result of the impact and the sudden acceleration-deceleration of her head" in a car accident. 263 Va. at 318, 321, 559 S.E.2d at 695, 697. We again reasoned that an opinion regarding the causation of a particular human injury is a component part of a diagnosis,

10

which is a part of the practice of medicine, and because the psychologist was not a medical doctor, he was not qualified to give an expert opinion that the plaintiff had suffered a mild traumatic brain injury as a result of the accident.  Id. at 321, 559 S.E.2d at 697.

Combs and John initially may be distinguished factually from the present case in that those cases, unlike the present case, involve causation issues regarding physical human injuries.  PTSD, while arguably a form of human injury, is a mental disorder.  Moreover, we are of opinion that Combs and John do not, and were not intended to, establish a categorical rule in this Commonwealth that only a medical doctor may qualify to render an expert opinion regarding the diagnosis of PTSD or any other recognized mental disorder.  See Ward v. Commonwealth, 264 Va. 648, 653, 570 S.E.2d 827, 831 (2002) (permitting testimony by a psychologist in a rape case as to the victim's mental condition).  Additionally, we note that in the present case, unlike the circumstances in Combs and John, the proffered expert was not offered to testify regarding the cause of the victim's diagnosed mental disorder.

Beyond question, the diagnosis and treatment of mental disorders is not a field of expertise reserved exclusively to medical doctors.  Rather, the provision of mental health care

11

frequently occurs through other professionals who are educated and trained for the specific purpose of providing therapy to those with mental disorders. See Jaffee v. Redmond, 518 U.S. 1, 15-17 (1996) ("[t]oday, social workers provide a significant amount of mental health treatment"). The particular category of mental health professionals at issue in this case pertains to clinical social workers who, under the relevant statutory scheme, in order to provide direct mental health services are required to be licensed by the Board of Social Work, a health regulatory board within the Department of Health Professions. See Code § 54.1-3706 (requiring those engaged in "the practice of social work" to be licensed); Code § 54.1-3703 ("the Board of Social Work shall regulate the practice of social work"); Code § 54.1-2400(3)(including among the general powers and duties of a health regulatory board the licensure of qualified applicants to practice within a particular profession).

By statute, a professional attaining a license and other qualifications prerequisite to becoming a clinical social worker may "provide direct diagnostic, preventive and treatment services where functioning is threatened or affected by social or psychological stress or health impairment." Code § 54.1-3700 (emphasis added). The language of Code § 54.1-3700 clearly authorizes a licensed clinical social worker to, among other

12

things, diagnose mental disorders. Furthermore, Code § 16.1-356 authorizes licensed clinical social workers to perform competency evaluations for juveniles, an undertaking that involves making diagnoses of mental disorders and other conditions impacting mental health.

Accordingly, we hold that licensed clinical social workers who are authorized to diagnose mental disorders by statute in appropriate circumstances, may render expert testimony regarding such diagnoses. However, it remains incumbent upon the trial court to determine whether a particular licensed clinical social worker has the skill, knowledge, and experience regarding the pertinent subject matter to qualify as an expert.

Thus, we turn to the issue whether in the present case the trial court abused its discretion in ruling that Vanhoy qualified to give an expert opinion regarding the victim's PTSD diagnosis. The record shows that Vanhoy held a bachelor's degree in psychology and a master's degree in social work. Her graduate work as a whole involved "training towards making diagnos[es] of a variety of emotional disorders," including PTSD, with one course in particular that focused on PTSD. Vanhoy regularly reads literature pertaining to the field of psychology, including PTSD.

13

Vanhoy's years of work experience reflect her focus on the treatment of children and families in crisis, although she has treated adult individuals as well. During her career she has diagnosed at least six patients with PTSD, but has worked with a far larger number of individuals in a variety of settings who had been diagnosed with PTSD.

Vanhoy began treating the victim ten months prior to trial and met with him almost weekly up until trial. During this process, she obtained information relevant to the victim's mental condition and developed a list of symptoms from which she could make a diagnosis. She based the victim's PTSD diagnosis on the fact that he exhibited a "multitude" of symptoms of PTSD.

The record clearly reflects that Vanhoy possessed extensive educational and occupational experience in the diagnosis and treatment of mental disorders, including PTSD. Furthermore, she personally observed and evaluated the victim's mental condition over a substantial period of time. Thus, the record supports the conclusion that the trial court did not abuse its discretion in ruling that Vanhoy qualified as an expert to give her opinion regarding the victim's PTSD diagnosis.

                    CONCLUSION

For these reasons, we hold that the Court of Appeals correctly held that the trial court did not err in allowing a

14

licensed clinical social worker to testify as an expert witness regarding her diagnosis that the victim suffered with PTSD. Accordingly, the judgment of the Court of Appeals will be affirmed.

Affirmed.
