COURT OF APPEALS OF VIRGINIA


Present: Judges Humphreys, Clements and McClanahan
Argued at Richmond, Virginia


JOBY JERMARR BROOKS

                                                          MEMORANDUM OPINION[*] BY
v.        Record No. 0622-06-2                   JUDGE ROBERT J. HUMPHREYS
                                                                  JUNE 19, 2007
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF SPOTSYLVANIA COUNTY
William H. Ledbetter, Jr., Judge Designate

S. Jane Chittom, Appellate Defender (Office of the Appellate
Defender, on brief), for appellant.

J. Robert Bryden, II, Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


Joby Jermarr Brooks ("Brooks") appeals his conviction of possession of marijuana with

intent to distribute, in violation of Code § 18.2-248.1. On appeal, Brooks argues that the trial

court erred in qualifying Deputy Kevin Walsh ("Walsh") as an expert in the packaging and

distribution of illegal substances and that the evidence was insufficient to support his conviction.

For the following reasons, we disagree, and affirm Brooks' conviction.

ANALYSIS

I. Expert Witness

Brooks argues that the trial court erred in qualifying Walsh as an expert witness.

Specifically, Brooks contends that Walsh "could not answer questions about the relationship

between one ounce of marijuana and an inference of intent to distribute" and, thus, "his

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

testimony could not assist the fact finder to determine whether or not the marijuana possessed by Brooks was for personal use." For the following reasons, we disagree.

Generally, to qualify as an expert witness, one needs only to have a degree of knowledge of a subject matter beyond that of people of common intelligence and ordinary experience so that such person's opinion will have value in assisting the trier of fact in understanding the evidence or determining a fact in issue. Conley v. Commonwealth, 273 Va. 554, 560, 643 S.E.2d 131, 134 (2007) (citing Velazquez v. Commonwealth, 263 Va. 95, 103, 557 S.E.2d 213, 218 (2002)). "An expert witness may acquire the requisite knowledge of a subject matter through experience and observation in a variety of ways, including participation in a vocation, without formal training or education." Id. (citing Norfolk & Western Ry. Co. v. Anderson, 207 Va. 567, 571, 151 S.E.2d 628, 631 (1966); Neblett v. Hunter, 207 Va. 335, 339, 150 S.E.2d 115, 118 (1966)). The determination of whether a witness qualifies as an expert on a given subject matter is an issue submitted to the discretion of the trial court which, on appeal, we will not reverse unless it plainly appears that the witness was not qualified. See Atkins v. Commonwealth, 272 Va. 144, 153, 631 S.E.2d 93, 97 (2006); Johnson v. Commonwealth, 259 Va. 654, 679, 529 S.E.2d 769, 783 (2000).

Here, Walsh was called to give an expert opinion regarding the distribution and packaging of the marijuana. Clearly, Walsh had experience with narcotics distribution. Specifically, Walsh had attended a three-day, advanced narcotics interdiction course. He had been involved in over one hundred arrests for the possession of controlled substances, and between fifteen and twenty arrests for possession with the intent to distribute. And he had conducted interviews of several marijuana users. The trial court determined that his experience was "limited," but "you've got to start somewhere." Accordingly, the trial judge found that his experience and the advanced narcotics course "provide[d] him with the type of knowledge that

he needs to give an expert opinion of the type he's going to be asked about." We cannot say that based on Walsh's training and experience, the trial court abused its discretion in allowing Walsh to testify regarding the packaging of the marijuana.

Brooks also argues that because Walsh's testimony "lacked 'empirical data' from which his conclusion ('inconsistent with personal use') could be established," the trial court erred in qualifying him as an expert in the packaging and distribution of marijuana. Specifically, Brooks argues that because Walsh had no data regarding how much marijuana a user would consume in a day, he could not "reliably opine" on whether the amount possessed by Brooks was inconsistent with personal use. However, when viewing Walsh's testimony in the light most favorable to the Commonwealth, as we are required to do, see Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987), we disagree with Brooks' characterization of Walsh's testimony, and thus find this argument to be without merit.

Brooks' counsel asked Walsh, "Does a heavy marijuana smoker smoke at least one ounce of marijuana in a day?" Walsh responded, "I wouldn't say an ounce. That's a little bit more. An ounce of marijuana is a lot." Later, Brooks' counsel asked Walsh "whether marijuana users bag up a small amount of marijuana so when they put it in a joint or use it in a bong they know exactly what amount they're using." Walsh responded, "they're done different ways . . . . A lot of times they have *a* bag of marijuana, they pack as much as — depending on what they have to smoke it in." (Emphasis added). Clearly, based on his training and experience in narcotics investigation, Walsh knew that an ounce of marijuana is more than the heavy marijuana smoker consumes in a day and that many times, marijuana smokers pack the marijuana into one bag for personal use. This is sufficient "knowledge of a subject beyond that of persons of common intelligence and ordinary experience." Neblett, 207 Va. at 339, 150 S.E.2d at 118. Moreover, any ambiguity or imprecision in the answers to questions Brooks' counsel posed on *voir dire* are

properly considered by the fact finder as affecting the weight to be given his testimony rather than its admissibility. See Horsley v. Commonwealth, 2 Va. App. 335, 339, 343 S.E.2d 389, 391 (1986) (the credibility of the expert witness and the weight to be accorded the evidence are matters within the province of the trier of fact). Accordingly, we hold that the trial court did not abuse its discretion in qualifying Walsh as an expert in the packaging and distribution of marijuana.

## II. Sufficiency

Brooks argues that the evidence was insufficient to prove possession with intent to distribute, in violation of Code § 18.2-248.1. Again, we disagree.

When the sufficiency of the evidence is challenged on appeal, the evidence and all reasonable inferences fairly deducible therefrom must be viewed in the light most favorable to the Commonwealth, and the trial court's judgment should be affirmed unless it is plainly wrong or without evidence to support it. Green v. Commonwealth, 223 Va. 706, 712, 292 S.E.2d 605, 609 (1982).

"Because direct proof of intent is often impossible, it must be shown by circumstantial evidence." Servis v. Commonwealth, 6 Va. App. 507, 524, 371 S.E.2d 156, 165 (1988). "When the proof of intent to distribute narcotics rests upon circumstantial evidence, the quantity which the defendant possesses is a circumstance to be considered. Indeed, quantity, alone, may be sufficient to establish such intent if it is greater than the supply ordinarily possessed for one's personal use." Dukes v. Commonwealth, 227 Va. 119, 122, 313 S.E.2d 382, 383 (1984). Likewise, "possession of a small quantity creates an inference that the drug was for the personal use of the defendant." Id. (citing Dutton v. Commonwealth, 220 Va. 762, 765, 263 S.E.2d 52, 54 (1980)). Moreover, circumstantial proof of a defendant's intent includes the presence or absence of drug paraphernalia. Shackleford v. Commonwealth, 32 Va. App. 307, 326-27, 528 S.E.2d

123, 133 (2000). Expert testimony, usually that of a police officer familiar with narcotics, is routinely offered to prove the significance of the quantity and packaging of drugs regarding whether it is for personal use. Id.

Here, Walsh testified that the amount present — .99 ounce — was inconsistent with personal use. Moreover, the marijuana was packaged in twenty-six individual bags, which would facilitate distributing small quantities to several individuals. And, Brooks did not have a smoking device on his person, indicating he did not intend to use the marijuana. Based on this evidence, we cannot say that the trial court's decision was plainly wrong or without evidence to support it. Accordingly, we hold that the evidence was sufficient to support Brooks' conviction for possession with intent to distribute marijuana, in violation of Code § 18.2-248.1.

CONCLUSION

The trial court did not abuse its discretion in qualifying Walsh as an expert witness, nor did it err in finding the evidence sufficient to support Brooks' conviction for possession with intent to distribute. Accordingly, we affirm the trial court.

Affirmed.