COURT OF APPEALS OF VIRGINIA

PUBLISHED

Present:   Chief Judge Decker, Judge Humphreys and Senior Judge Annunziata
Argued by videoconference


RICHARD PAUL STEVENS

                                                    OPINION BY
v.        Record No. 1275-19-2        CHIEF JUDGE MARLA GRAFF DECKER
                                               DECEMBER 1, 2020
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
David E. Johnson, Judge

Susan E. Allen (The Law Office of Susan E. Allen, Attorney at Law,
PLLC, on briefs), for appellant.

Elizabeth Kiernan Fitzgerald, Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Richard Paul Stevens appeals his convictions for object sexual penetration, aggravated

sexual battery, and taking indecent liberties with a child, in violation of Code

§§ 18.2-67.2, -67.3, and -370.  He argues that the trial court erred by permitting a particular

witness to testify as an expert.  The appellant further claims that the trial court erred by admitting

the expert's testimony about delayed disclosures of abuse and memory formation.  For the

reasons that follow, we conclude that the trial court did not err by ruling that the witness was

qualified to testify as an expert.  Further, the appellant waived his objection to the expert's

testimony about delayed disclosures.  Finally, the trial court acted within its discretion by

admitting the expert's testimony about memory formation.  For these reasons, we affirm the

convictions.

# I. BACKGROUND[1]

At the appellant's trial, the twenty-one-year-old victim testified that the appellant, a close family member, sexually abused her. She explained that the abuse occurred from when she was four years old until she was approximately six years old. The victim did not tell anyone about the abuse until 2017, when she was twenty years old. According to the victim, she had not reported the abuse earlier because she was not "ready to talk about it" and was scared of the appellant.

The Commonwealth called Lisa Johnston as an expert witness on child abuse and disclosure. Johnston testified that it is "very common" for child victims of abuse to wait weeks, months, or years to initially report the offense. She also stated that, due to the memory formation process for young children, victims younger than ten often confuse details about the abuse. Johnston acknowledged that some disclosures of sexual abuse are false.

The appellant testified in his defense. He denied ever touching the victim inappropriately. The defense also presented expert testimony from Susan Fiester, a psychiatrist. She too testified about memory formation. According to Fiester, younger children generally "have difficulty remembering things." Fiester also testified that it is "not uncommon" for victims of childhood abuse to delay reporting.

The jury found the appellant guilty of three counts each of object sexual penetration, aggravated sexual battery, and taking indecent liberties with a child. The trial court imposed the jury's sentences totaling fifty-four years in prison for the nine offenses, as well as an additional

---

[1] In accordance with familiar principles of appellate review, the facts are recited in the light most favorable to the Commonwealth, as the prevailing party at trial. Stoltz v. Commonwealth, 297 Va. 529, 529, cert. denied, 140 S. Ct. 653 (2019); Kilby v. Commonwealth, 52 Va. App. 397, 401 (2008).

three years, which it suspended upon condition of three years of post-release supervision, and fines of $150,000.

## II. ANALYSIS

The appellant challenges the admission of the testimony of the Commonwealth's expert witness on three grounds. First, he contends that Johnston was not qualified to testify as an expert. Second, he argues that her testimony regarding delayed disclosure was inadmissible because it merely bolstered the victim's credibility. Third, he suggests that Johnston's testimony regarding the formation of memory impermissibly exceeded the scope of her expertise.

The standard of review for each of the appellant's three assignments of error dealing with expert testimony is whether the trial court abused its discretion. See Wakeman v. Commonwealth, 69 Va. App. 528, 535 (2018) (qualifications), aff'd, 298 Va. 412 (2020) (*per curiam* order); Schmuhl v. Commonwealth, 69 Va. App. 281, 299 (2018) (admissibility of expert testimony), aff'd, 298 Va. 131 (2019) (*per curiam* order); Kilby v. Commonwealth, 52 Va. App. 397, 410 (2008) (admissibility of expert testimony). A reviewing appellate court will not decide that "an abuse of discretion has occurred" unless "reasonable jurists could not differ" on the conclusion that the court erred. Du v. Commonwealth, 292 Va. 555, 564 (2016) (quoting Grattan v. Commonwealth, 278 Va. 602, 620 (2009)). "This bell-shaped curve of reasonability governing our appellate review rests on the venerable belief that the judge closest to the contest is the judge best able to discern where the equities lie." Id. (quoting Sauder v. Ferguson, 289 Va. 449, 459 (2015)).

### A. Expert Qualifications

The appellant suggests that Johnston was not qualified to testify as an expert. He raises two challenges to her qualifications. He argues that she lacked the general qualifications to testify as an expert in the field of child abuse and disclosure. Further, he contends that she

lacked the expertise to testify as an expert in this case specifically because it involves an adult accuser and Johnston is a child forensic examiner.[2]

Expert testimony may be presented in a criminal proceeding if three conditions are met. First, the witness must be "qualified as an expert by knowledge, skill, experience, training, or education." Va. R. Evid. 2:702(a)(i)-(ii). Second, the testimony must comprise "scientific, technical, or other specialized knowledge [that] will assist the trier of fact to understand the evidence or to determine a fact in issue." Id. Third, the subject matter must be "beyond the knowledge and experience of ordinary persons, such that the jury needs expert opinion in order to comprehend the subject matter, form an intelligent opinion, and draw its conclusions." Va. R. Evid. 2:702(a)(ii).

At the time Johnston testified, she worked at the Chesterfield Child Advocacy Center as a forensic interviewer. While employed there, she performed over 150 forensic interviews. Prior to working at the center in Chesterfield, Johnston worked at a child advocacy center in Arkansas, where she performed over 130 forensic interviews.

Johnston has a Bachelor of Science degree with a double major in criminology and sociology. She received specialized training in order to become a forensic interviewer. The training consisted of instruction on child development, the "dynamics of child abuse," and "the

---

[2] The Commonwealth argues that the appellant did not object below with sufficient specificity to preserve for appeal the general argument that the trial court erred by letting Johnston testify as an expert regarding child abuse and disclosure. See Rule 5A:18. At trial, the appellant objected to Johnston's qualifications as an expert because the victim was no longer a child. The appellant's specific challenge is integrally tied to the broader question of whether Johnston had specialized knowledge in the area of child abuse and disclosure. Significantly, the prosecutor argued that the witness was qualified to testify as an expert on child abuse and disclosure, and the trial court ruled that she was qualified to testify in these areas. See Scialdone v. Commonwealth, 279 Va. 422, 440 (2010). The question of Johnston's qualifications to testify as an expert on the general subjects of child abuse and disclosure was squarely before the circuit court. Consequently, we conclude that the appellant is not precluded by Rule 5A:18 from raising this argument on appeal.

process of disclosure." Johnston participated in mock forensic interviews and passed a licensing examination before obtaining her certification. In addition, during her time as a forensic interviewer, she attended other specialized training including conferences and workshops. Finally, she testified that she had been peer-reviewed eight to ten times, a process which involves being observed while performing interviews and receiving constructive criticism. According to Johnston, on a weekly basis, she "stay[ed] current in studies involving child sexual abuse" and "how and why people disclose" such abuse.

The record makes clear that Johnston possessed "a degree of knowledge of [the] subject matter[s]" of child abuse and reporting of such abuse "beyond that of persons of common intelligence and ordinary experience." See Justiss v. Commonwealth, 61 Va. App. 261, 271 (2012) (quoting Conley v. Commonwealth, 273 Va. 554, 560 (2007)). Although she did not profess to have specialized training in adult disclosures, Johnston testified generally about why children sometimes do not disclose sexual abuse for many years, a matter at issue in this case. Additionally, the sexual abuse occurred when the victim was a young child, not when she was an adult. In fact, a significant portion of the delay in reporting occurred during the victim's childhood years. The reporting gap essentially spanned the victim's childhood. Johnston did not interview the victim, nor did she testify specifically about her. Instead, Johnston simply gave general testimony about the circumstances faced by child sexual abuse victims and the reasons why they often delay reporting the abuse. Johnston's testimony given in this context was appropriate for the jury's consideration.

Contrary to the appellant's suggestion, the fact that the child victim delayed reporting until after she became an adult does not alter this analysis. The appellant's argument fails to account for the fact that the sexual abuse occurred when the victim was a young child. Further, although the delayed reporting extended into the victim's adulthood, it was delayed through

many years of childhood. These circumstances rendered Johnston's testimony relevant to that period of delayed reporting, a subject area in which she was entirely qualified to testify.

The appellant cites Davison v. Commonwealth, 18 Va. App. 496 (1994), in support of the proposition that Johnston was not qualified to testify as an expert. In that case, the victims' therapist, who had read a single article on child recantation, testified about reasons a child victim may *recant*. Id. at 499-501. This Court held that the testimony was inadmissible. Id. at 503. The Court concluded that the Commonwealth failed to qualify the witness "as an expert to explain 'the phenomenon'" of the recantation of claims of sexual abuse by children. Id. at 499, 503-04.

The holding in Davison, that reading a single article on the specific subject of child recantation does not make one an expert on that subject, has no bearing on the instant case. The trial court's acceptance of Johnston's qualifications as an expert on the subjects of child abuse and reporting or disclosure of such abuse was supported by her extensive education, training, and specific professional experience as a child forensic interviewer. Davison simply does not apply to the facts of this case. See Kilby, 52 Va. App. at 411 (distinguishing Davison based on the expert witness' extensive experience and training).

For these reasons, the trial court acted within its discretion by admitting Johnston's expert testimony on the subjects of child abuse and disclosure both generally and in a case in which the child victim became an adult before disclosing the abuse.

B. Admissibility of Testimony Regarding Delay in Disclosure

The appellant argues that the trial court erred by allowing the Commonwealth's expert witness to testify regarding a child victim's reasons for delay in reporting sexual abuse. The

Commonwealth counters that the appellant waived this objection to the expert testimony by introducing his own expert who addressed the topic of delayed disclosure.[3]

The law in this area is well established. When "an accused unsuccessfully objects to evidence which he considers improper and then on his own behalf introduces evidence of the same character, he thereby waives his objection, and [the appellate court] cannot reverse for the alleged error." Hubbard v. Commonwealth, 243 Va. 1, 9 (1992) (quoting Saunders v. Commonwealth, 211 Va. 399, 401 (1970)). In short, this concept provides that a party "cannot . . . avail[ ]" himself of an objection to evidence if he "has, at some other time during the trial," either "voluntarily elicited the same evidence" or "permitted it to be brought out by [the opposing party] without objection." Burns v. Bd. of Supers., 227 Va. 354, 363 (1984) (emphasis omitted) (quoting Whitten v. McClelland, 137 Va. 726, 741 (1923)); see also Nat'l Coll. of Bus. & Tech., Inc. v. Davenport, 57 Va. App. 677, 690 n.16 (2011). This legal maxim is sometimes called the "same-evidence principle." Isaac v. Commonwealth, 58 Va. App. 255, 260 (2011).

This principle applies to "exactly the same evidence" as well as three additional types of evidence. Id. at 264. The first category is "evidence dealing 'with the same subject.'" Id. (quoting Pettus v. Gottfried, 269 Va. 69, 79 (2005)). The second type is "evidence fairly considered to be 'of the same character.'" Id. (quoting Combs v. Norfolk & W. Ry., 256 Va.

---

[3] The appellant suggests that the Commonwealth waived this argument by not raising it at "the petition[] stage" of the case. However, an appellee is not required to file a brief in opposition to the petition for appeal. See Rule 5A:13(a) ("A brief in opposition to granting the appeal *may* be filed . . . ." (emphasis added)). The Supreme Court of Virginia has declined to hold that an appellee waives an argument by failing to "assert it in response to a petition for a writ of error." S'holder Representative Servs., LLC v. Airbus Ams., Inc., 292 Va. 682, 690 n.4 (2016); see also Meyers v. Commonwealth, No. 150962, at 6 (Va. Jan. 12, 2017) (reaching the same conclusion in a criminal context). Consequently, the Commonwealth is not foreclosed from making the argument it raises in its brief. That legal argument, as discussed above, provides a basis for affirming the trial court.

490, 499 (1998)).  The third kind encompasses "evidence 'similar to that to which the objection applies.'"[4]  Id. (quoting Snead v. Commonwealth, 138 Va. 787, 802 (1924)).

Johnston testified that it is "very common" for child victims of sexual abuse to wait weeks or even years before initially reporting it.  She provided several reasons for delayed reporting:  fear, shame, embarrassment, and the misperception of such behavior as normal.  The defense expert, Fiester, confirmed that it was "not uncommon" for children to delay disclosures.  She likewise stated that victims may delay reporting abuse for a variety of reasons, including shame and reluctance to disrupt family relationships.

Both experts testified that it is common for child victims of sexual abuse to delay disclosure.  Fiester's testimony about some of the reasons that child victims of sexual abuse may delay reporting the offense deals with the same subject and was of the same character as that portion of Johnston's testimony challenged by this assignment of error, "purport[ing] to explain delayed disclosure."  In addition, Fiester's testimony about reasons that children may delay reporting partially overlapped with Johnston's testimony on this point.  The testimony of both experts established reasons why a child may wait to disclose abuse.

The appellant's introduction, "during his case in chief," of "sufficiently similar evidence" to Johnston's testimony on the aspects of child victims' delayed disclosure of sexual abuse constituted a waiver of his challenge to Johnston's testimony on this point.  See Isaac, 58 Va. App. at 264.  Therefore, we do not address this assignment of error on the merits.

---

[4] The same-evidence waiver principle "should be narrowly construed" when it involves evidence that is merely of the same kind or character, such as a "type of evidence" like hearsay or leading questions.  See Kent Sinclair, The Law of Evidence in Virginia § 2-3[c], at 126 (8th ed. 2018) (emphasis omitted).  Nonetheless, there is no exception to this principle "when the defendant presents in his case in chief the same or similar evidence he previously objected to in order to explain it away or to offer a more favorable interpretation."  Isaac, 58 Va. App. at 261-62 (explaining that "a criminal defendant's *case in chief* . . . by its very nature, seeks to [counter] . . . the Commonwealth's evidence").

C.  Admissibility of Testimony Regarding Memory Formation

The appellant claims that the trial court erred by admitting Johnston's expert testimony regarding the formation of memory because she was qualified only as an expert in the field of child abuse and disclosure.  He contends that her testimony about memory exceeded the scope of her expertise.

An expert witness must be "qualified as an expert by knowledge, skill, experience, training, or education" on the subject.  Va. R. Evid. 2:702(a)(i)-(ii).  Johnston indicated that she had experience with and read literature about how children "under the age of seven remember things."  She also explained that memories "can get blurred the younger . . . [the children] are" and that when multiple instances of abuse occur, the child victims' "memories tend to crisscross a little bit and get confused as far as details [regarding] when something happened or how many times or things of that nature."

As demonstrated through Johnston's testimony, the issue of memory formation and retention is inextricably linked to a child's disclosure of sexual abuse.  A child's report of abuse is necessarily based on his or her memory of the event or events.  In addition to Johnston's training and review of literature, her past interviews of around 300 children provided her with considerable experience concerning how children remember abuse.  She based her testimony on her "training, experience, and . . . [the] literature."  The record supports the conclusion that Johnston possessed "a degree of knowledge of [the] subject matter[s]" of memory formation and recall by children "beyond that of persons of common intelligence and ordinary experience." See Wakeman, 69 Va. App. at 536 (first alteration in original) (quoting Justiss, 61 Va. App. at 271).

Accordingly, the trial court acted within its discretion by admitting Johnston's testimony about the memory of young children in the context of sexual abuse and disclosure.

III. CONCLUSION

We hold that Johnston's education, training, knowledge, and experience supported the trial court's ruling that she was qualified to testify as an expert in the areas of child abuse and disclosure. The trial court acted within its discretion by allowing her testimony even though the victim was an adult at the time of trial, because the abuse and most of the delay in her reporting occurred when she was a child. Additionally, the appellant waived his objection to Johnston's testimony on delayed disclosure by introducing substantially similar evidence. Finally, Johnston's testimony about how young children form memories of abuse was within the scope of her expertise. For these reasons, we affirm the convictions but remand the case for the correction of a clerical error.[5]

Affirmed and remanded.

---

[5] The summary section of the sentencing order incorrectly provides that the total sentence is fifty-four years, as opposed to fifty-seven years, and does not note that three years of that sentence is suspended upon the condition of three years of post-release supervision. Consequently, we remand to the trial court solely for a correction of this clerical error. See Code § 8.01-428(B); Howell v. Commonwealth, 274 Va. 737, 739 n.*, 742 (2007); Atkins v. Commonwealth, 68 Va. App. 1, 10 (2017).